## PEOPLE ex rel. PRINCE v. FALLON.

(Supreme Court, Special Term, New York County.  October 4, 1911.)

WEAPONS (§ 4*)—CRIMINAL OFFENSES—POSSESSION.

Penal Law (Consol. Laws, c. 40) § 1897, as amended by Laws 1911, c. 195, effective September 1, 1911, providing that any person over the age of 16 years, who shall have in his possession in any city, village, or town any pistol, revolver, or other firearm of a size which may be concealed upon the person, without a license issued by a police magistrate or justice of the peace, shall be guilty of a misdemeanor, does not apply to the possession of revolvers by a pawnbroker, who received them prior to September 1, 1911, and holds them as unredeemed pledges, and is required by his contract with the pledgor and the laws of the state to hold them for at least one year unless sooner redeemed, in view of section 1914, as amended by the same act, which provides that every person selling a pistol, revolver, or other firearm of a size which may be concealed upon the person, whether a retail dealer, pawnbroker, or otherwise, shall keep a register in which shall be entered the date of the sale, the name, age, occupation, and residence of the purchaser, and the caliber, make, model, manufacturer's number, or other mark of identification on the pistol or revolver, especially as, if it were construed to so apply, it would violate the constitutional prohibition against laws impairing the obligation of contracts.

[Ed. Note.—For other cases, see Weapons, Cent. Dig. § 4; Dec. Dig. § 4.*]

Habeas corpus by the People, on relation of Ivan Prince, against one Fallon, Warden of the City Prison.  Writ sustained, and relator discharged.

GAVEGAN, J.  This is an application to sustain a writ of habeas corpus and discharge the relator, who was held by a city magistrate for a violation of section 1897, c. 195, of the Laws of 1911, on the following undisputed facts: The relator was a licensed pawnbroker, and on September 1, 1911, had exposed for sale in a window of his pawnshop five revolvers, each of which was of such a size that it might be concealed upon the person.  The revolvers had been in his possession for a period of over three months and were unredeemed pledges, title to which had passed to the relator, who had no license or permit for their possession.  The particular provision of the statute in question, known as an act to amend the Penal Law in relation to the sale and carrying of dangerous weapons, was enacted May 25, 1911, became effective September 1, 1911, and reads in part as follows:

"Any person over the age of 16 years who shall have in his possession in any city, village or town of this state any pistol, revolver or other firearm of a size which may be concealed upon the person, without a written license therefor, issued to him by a police magistrate of such city or village, or by a justice of the peace of such town, or in such manner as may be prescribed by ordinance in such city, village or town, shall be guilty of a misdemeanor."

The only question to be decided in this proceeding is whether, under the said law, the relator, Ivan Prince, is guilty of a misdemeanor

on the undisputed facts. Section 1914 of the same act contains another provision, by which, under certain restrictions, a pawnbroker may sell and dispose of firearms in his possession, and reads in part as follows:

"Sale of Pistols, Revolvers and Other Firearms.—Every person selling a pistol, revolver or other firearm of a size which may be concealed upon the person, whether such seller is a retail dealer, pawnbroker or otherwise, shall keep a register, in which shall be entered at the time of sale the date of sale, name, age, occupation and residence of every purchaser of such a pistol, revolver or other firearm, together with the caliber, make, model, manufacturer's number or other mark of identification on such pistol, revolver or other firearm.   *   *   * "

Then follow other restrictions and regulations concerning sale, failure to comply with which is declared to be a misdemeanor. It will be observed that there is no mention in this latter section of any license as a condition precedent to selling by a pawnbroker.

In view of the foregoing provisions regulating the sale of firearms by pawnbrokers, the law is so ambiguous on the question of their possession as to require interpretation. Literal interpretation thereof would lead to the result that a pawnbroker, who is a mere pledgee of goods belonging to another, would be guilty of a misdemeanor for having in his possession revolvers pledged to him long before the statute took effect. The pledgor's failure to redeem such property before September 1, 1911, would impose a penalty upon the pawnbroker in violation of the contractual relations existing between the parties, and contrary to the constitutional limitations upon the state Legislature to pass a law impairing the obligations of a contract. In other words, the pawnbroker is obliged, under the contract with the pledgor and under the laws of the state, to hold the property for one year at least, unless sooner redeemed. If a firearm were pledged within a year before the passage of the act and not yet redeemed, the pledgee, by performing his part of the contract in retaining possession of the goods to protect his lien, would be guilty of a misdemeanor. Since such absurd results could not have been intended by the Legislature and are clearly not within the spirit of the law, the legislative intent must be found by implication from the terms of the law itself. Inasmuch as the selling of firearms by pawnbrokers is made legal by the act under certain restrictions, which it does not appear the relator has in any way violated, and since such selling of firearms necessarily implies their possession, I am forced to the conclusion that it was not the intention of the Legislature to make the possession of revolvers, as unredeemed pledges by duly licensed pawnbrokers, a misdemeanor where such possession was legal at the time the law went into effect.

The writ is sustained, and the relator discharged.