(74 Misc. Rep. 151.)

PEOPLE ex rel. DARLING v. WARDEN OF TOMBS PRISON.

(Supreme Court, Special Term, New York County. November, 1911.)

WEAPONS (§ 4*)—"POSSESSION"—MISDEMEANOR.
    Penal Law (Consol. Laws 1909, c. 40) § 1897, as amended by Laws 1911, c. 195, making it a misdemeanor to have in one's possession weapons of a size that may be concealed on one's person, means a physical possession, and does not extend to a weapon of the kind described in a cabinet at home.

    [Ed. Note.—For other cases, see Weapons, Cent. Dig. § 4; Dec. Dig. § 4.*

    For other definitions, see Words and Phrases, vol. 6, pp. 5464–5470; vol. 8, pp. 7757, 7758.]

Application by the People, on the relation of George F. Darling, for writ of habeas corpus against the Warden of the Tombs Prison. Relator discharged.

George F. Darling, in pro. per.
Charles S. Whitman, Dist. Atty., for Warden.

PENDLETON, J. It appears that the relator, being a person over 16 years of age, was arrested and held upon a charge of having

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in his possession a pistol of a size that may be concealed upon the person, in violation of section 1897 of the Penal Law. The undisputed facts appear to be that at the time in question a pistol of a size which might be concealed upon the person was in a small cabinet in a bedroom.at No. 344 East Fifty-Seventh street, New York City, where, apparently, relator resided. It is not claimed that the relator had in his actual possession the said pistol, and the ownership thereof even is not specifically proved. The alleged offense is founded up-· on the evidence that it was in the cabinet in his home.

The question here raised is as to the exact meaning of the amendment to section 1897 adopted by the Legislature as chapter 195, Laws 1911. The amendment, so far as the present question is concerned, relates to what is now the third and fourth paragraphs of said section 1897, which is entitled "Carrying and Use of Dangerous Weapons." Before the amendment the law provided substantially that any person over the age of 16 who shall have or carry concealed upon his person, in any city, village, or town, a pistol, revolver, or firearm, without written license, etc., shall be guilty of a misdemeanor. The amendment, so far as material here, amended the above provision·by making the offense a *felony,* instead of a *misdemeanor,* and adding the provision that any person of the age aforesaid, who shall have *in his possession any pistol, etc., of a size which may be concealed* upon his person, without a license, etc., shall be guilty of a misdemeanor. The language, so far as the description of the person, place, and weapon is concerned, is identical. The essential difference is that the offense of carrying concealed upon the person is raised from a *misdemeanor* to a *felony,* and the addition is added that any person who shall have in his possession such a weapon of a size which may be concealed upon the person is guilty of a misdemeanor. The object of the statute was plainly to limit and restrict the cases in which deadly instruments might be used to inflict injury by discouraging the possession of them, by creating a new offense, viz., the possession of such instruments of a size which might be concealed upon the person.

The precise and only question here involved is as to whether the possession thereby made an offense is actual physical possession or a constructive possession. The word "possession" means, depending on the connection in which it is used, physical possession or constructive possession. The act in question is a penal statute, and under well-settled principles is to be strictly construed. To hold that every possible kind of constructive possession is made a crime would be to give to the language a very broad significance. By limiting it to physical possession the necessary requirements of the language are met, and, in view of the rules governing the interpretation of penal statutes, I do not think it is proper to extend its meaning beyond the actual requirements of the language used.

It would certainly be going very far to assume that the Legislature intended to make every constructive possession of such a weapon a crime. Such construction would raise a very serious question as to whether, so construed, the act was not unconstitutional as without·the

police power, which every sovereign state possesses. That power is very broad and comprehensive, and its limitations cannot be accurately defined, and courts have not been able or willing definitely to circumscribe it; but under the pretense of prescribing a police regulation the state cannot be permitted to encroach upon any of the just rights of the citizen which the Constitution intended to secure against abridgement, and under the guise of police regulations personal rights cannot be arbitrarily invaded. The courts must be able to see that public need is the end actually arrived at, and that the law in question is appropriate and adapted to that end. It may well be questioned whether a statute making every possible constructive possession a crime is appropriate and adapted to the end in view, and, while it is not necessary to decide that question, in view of the construction here given to the statute, it may not be inappropriate to consider, in connection therewith, that any other construction than the one here adopted would involve a doubtful legislative power, and it may be assumed the Legislature intended that construction as to which the power is undisputed.

Relator discharged.