COURT OF APPEALS,

February 13, 1912.

THE PEOPLE v. GIUSEPPE PERSCE.

(204 N. Y. 397.)

(1.) DANGEROUS WEAPONS, CARRYING OR POSSESSION OF—PENAL LAW 1897.

The legislature has the undoubted power to declare that various acts, not theretofore so, shall be criminal, without proof of other intent as a necessary ingredient of the offense than the intent to commit the prohibited act.

(2.) SAME—SLUNG SHOT.

The carrying or possessing of a slungshot even without proof of specific ulterior criminal intent is within the character of acts which the legislature may thus condemn. Such legislation does not violate the provision of the Constitution of the United States that the right of the people to keep and bear arms shall not be infringed, which is not designed to control legislation by the state. Moreover, a slungshot is not one of those weapons intended either by the Constitution or the Bill of Rights.

(3.) SAME—POSSESSION MUST BE A KNOWING AND VOLUNTARY ONE.

Such possession must be a knowing and voluntary one which places the weapon within the immediate control and reach of the accused and where it is available for unlawful use if he so desires, and should not be construed to mean a possession such as would theoretically and technically follow from the legal ownership of a weapon in a collection of curious and interesting objects or which might result temporarily and incidentally from the performance of some lawful act.

(4.) SAME.

The appellant was convicted under an indictment which charged that he " did carry and possess a certain instrument and weapon of the kind commonly known as a slungshot. At the time in question section 1897 of the Penal Law provided: " A person who attempts to use against another, or who carries, or possesses any instrument or weapon of the kind commonly known as a slungshot, billy, sand club or metal knuckles, or who with intent to use the same against another, carries or possesses a dagger, dirk or dangerous knife is guilty of a felony." Upon examination of this section in connection with section 1898, held, that the trial judge properly

charged that "a person who carries or possesses any instrument or weapon of the kind commonly known as a slungshot is guilty of a felony,' and correctly refused to charge that proof was necessary of intent to use the slungshot.

*People* v. *Persce*, 135 App. Div. 919, affirmed.

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 24, 1909, which affirmed a judgment of the Court of General Sessions of the Peace in the county of New York rendered upon a verdict convicting the defendant of the crime of unlawfully carrying a weapon.

The facts, so far as material, are stated in the opinion.

*John Palmieri* and *Martin Wechsler,* for appellant. The court's refusal to charge the defendant's requests presents reversible error. (People v. Demorio, 123 App. Div. 665; People v. Walker, 198 N. Y. 329; People v. Flack, 125 N. Y. 324; Stokes v. People, 53 N. Y. 164-179; 3 Greenl. on Ev. § 13; State v. Roberts, 39 Mo. App. 47; State v. Gilbert, 87 N. C. 527; Waddell v. State, 37 Tex. 354; Brooks v. State, 15 Tex. App. 88; Manginn v. State, 15 Tex. App. 362.) Section 1897 of the Penal Law if construed literally would seem to make the mere possession of a slungshot or a billy, no matter how innocent, a felony punishable "by imprisonment for not more than seven years or by a fine of not more than one thousand dollars or both." Such a literal interpretation would render such statute unconstitutional and void as being in violation of the Federal and State Constitutions (U. S. Const. 8th and 14th amendments; N. Y. State Const. art. 1, §§ 1, 5, and 6.) (Fisher Co. v. Woods, 187 N. Y. 90; People v. Baum, 133 App. Div. 481; People v. Rosenberg, 138 N. Y. 410; People v. Feitner, 191 N. Y. 88; Sage v. City of Brooklyn, 89 N. Y. 190; Mayor v. Bigelow, 13 Misc. Rep. 42;

Roosevelt v. Godard, 52 Barb. 533; Carroll v. Langan, 63 Hun, 380; People v. Sturgis, 121 App. Div. 407; Kaelesch v. City of New York, 34 App. Div. 95.)

*Charles S. Whitman,* District Attorney (*Robert S. Johnstone* of counsel), for respondent. There are many things prohibited by law, the criminality of which consists solely in the fact that they are prohibited, and it matters not how innocent of wrongful motive or intent the accused may have been, nor does mistake of fact or ignorance of the law constitute any defense. (People v. Bowen, 182 N. Y. 1; People v. Kibler, 106 N. Y. 321; People v. Werner, 174 N. Y. 132; People v. Greenberg, 134 App. Div. 599; People v. Friedman, 138 App. Div. 29; Shevlin-Carpenter Co. v. Minnesota, 218 U. S. 57; Comm. v. Murphy, 165 Mass. 66.). The statute in the case at bar makes the carrying or possession of a slungshot a felony irrespective of any "specific intent." (State v. Dixon, 114 N. C. 850; Ridenour v. State, 65 Ind. 411; Crawford v. State, 94 Ga. 772; Strahan v. State, 68 Miss. 347; State v. Martin, 31 La. Ann. 859; People v. Demorio, 123 App. Div. 665.) The statute violates no constitutional provision. (Barker v. People, 3 Cow. 686; McDonald v. Comm., 173 Mass. 322; Comm. v. Murphy, 165 Mass. 66; Matter of Kemmler, 136 U. S. 436; People ex rel. Kemmler v. Durston, 119 N. Y. 569; Wilkerson v. Utah, 99 U. S. 130; Bohmer v. Haffen, 161 N. Y. 390; Lochner v. New York, 198 U. S. 45; People v. West, 106 N. Y. 293.)

HISCOCK, J.:

The appellant was convicted under that one of three counts in an indictment which charged that he " did carry and possess a certain instrument and weapon of the kind commonly known as a slungshot." The evidence showed that a detective followed him at about two o'clock in the morning into a room

where he was found with two other men and there took from his pocket the weapon in question. Defendant when arrested denied knowledge of its possession. At the time in question section 1897 of the Penal Law provided: " A person who attempts to use against another, or who carries, or possesses any instrument or weapon of the kind commonly known as a slungshot, billy, sand club or metal knuckles, or who with intent to use the same against another, carries or possesses a dagger, dirk or dangerous knife is guilty of a felony."

The trial judge charged: " ' A person who carries or possesses any instrument or weapon of the kind commonly known as a slungshot is guilty of a felony.' If this defendant at the time and place in question carried or possessed, knowingly possessed of course, any instrument or weapon known as a slungshot he is guilty of a felony. That is all there is to the case." And he refused to charge several propositions presented by the appellant which made intent to use the weapon against another an essential element to be found by the jury before they could convict him. The exceptions to these refusals and the suggestion that if such intent is not to be implied the statute is unconstitutional present the only questions requiring consideraion.

The court correctly refused to hold, as requested, that proof was necessary of intent to use the slungshot. The argument that it was so necessary is predicated on a section of the Penal Law immediately following the one which has been quoted and which reads as follows: "The possession, by any person other than a public officer, of any of the weapons specified in the last section, concealed or furtively carried on the person, is presumptive evidence of carrying, or concealing, or possessing, with intent to use the same in violation of that section." The appellant argues that because by this last section a certain possession " of any of the weapons specified " in the preceding one is made presumptive evidence of carrying or possessing with intent to use the same in violation of that section, an in-

tent to thus use must be found in the case of each weapon before a violation is made out. This is an erroneous view. The section relied on must be regarded as making possession evidence of an intent to use only in those cases where such intent is a necessary element of the crime as provided by the first section. It is not to be construed as requiring evidence of an intent to use where the crime as defined by the preceding section is made out without proof of any such intent as in the case of a slungshot. The ambiguity in the last section, if there is any, is due to an amendment of the first section. Prior to 1905 that section (then section 410, Penal Code) read: " A person who attempts to use against another, or who, with intent so to use, carries, conceals, or possesses any instrument or weapon of the kind commonly known as the slungshot, billy, sandclub or metal knuckles, or a dagger, dirk or dangerous knife, is guilty of a felony." While the section thus read, the succeeding one, for section 1898 of the Penal Law relied on was then section 411 of the Penal Code, was perfectly appropriate and unambiguous. In 1905 section 410 was so changed as to make the " possession of any instrument or weapon of the kind commonly known as a slungshot," etc., of itself a crime without evidence of intent to use, and the element of intent to use was thus eliminated in the case of those weapons. When this change was made section 411 was not correspondingly amended as would have been quite appropriate, although in our judgment not essential.

The legislature has the undoubted power to declare that various acts, not theretofore so, shall be criminal without proof of other intent as a necessary ingredient of the offense than the intent to commit the prohibited act. (People v. Abeel, 182 N. Y. 415; People ex rel. Hegeman v. Corrigan, 195 N. Y. 1; People v. Werner, 174 N. Y. 132.)

If we give to the statute under consideration a rational interpretation it becomes clear that the carrying or possessing of

a slungshot even without proof of specific ulterior criminal intent are within the character of acts which the legislature may thus condemn. Of course, the possession which is meant is a knowing and voluntary one, as the trial judge explicitly charged. Further, the word "possesses" is to be interpreted somewhat in the light of its association with the other word of the statute, "carries." As such it must mean a possession which places the weapon within the immediate control and reach of the accused and where it is available for unlawful use if he so desires. And on the contrary, it clearly should not be construed to mean a possession for instance such as would theoretically and technically follow from the legal ownership of a weapon in a collection of curious and interesting objects or which might result temporarily and incidentally from the performance of some lawful act, as disarming a wrongful possessor.

Given to the statute thus a reasonable interpretation, and its enactment readily and clearly comes within the police power. The evidence and the well-understood character of slungshots, billies, sandbags and brass knuckles make it evident that the legislature were entirely justified in regarding them as dangerous and foul weapons seldom used for justifiable purposes but ordinarily the effective and illegitimate implements of thugs and brutes in carrying out their unlawful purposes. For instance a standard dictionary defines a slungshot as "a metal ball of small size with a string attached used by ruffians for striking." Influenced as we may assume the legislature was by some such view as this it is obvious that one of the proper and efficient methods by which to prevent the commission of crime to be apprehended through the instrumentality of these weapons was to make their possession of itself criminal without delaying until opportunity had bred and perhaps permitted the accomplishment of some particular evil design. This is what has been done and there is no infringement of the Constitution in this aspect of the legislation. (Lawton v. Steele, 152 U. S. 133.)

Neither is there any constitutional provision securing the right to bear arms which prohibits legislation with reference to such weapons as are specifically before us for consideration. The provision in the Constitution of the United States that "the right of the people to keep and bear arms shall not be infringed" is not designated to control legislation by the State. (Presser v. Illinois, 116 U. S. 252.) There is no provision in the State Constitution at least directly bearing on this subject, but only in the statutory Bill of Rights. But beyond this, as has already been suggested, the act in question relates to instruments which are ordinarily used for criminal and improper purposes and which are not amongst those ordinary legitimate weapons of defense and protection which are contemplated by the Constitution and the Bill of Rights.

The judgment appealed from should be affirmed.

CULLEN, CH. J., HAIGHT, VANN, WILLARD BARTLETT and CHASE, JJ., concur; GRAY, J., absent.

Judgment of conviction affirmed.