### PEOPLE v. VOGORITO.

(Supreme Court, Special Term, New York County. April 5, 1912.)

CRIMINAL LAW (§ 1073*)—CERTIFICATE OF REASONABLE DOUBT.

    Accused was convicted of a violation of the statute prohibiting any person from having in his possession, in any city, a firearm which may be concealed about the person without a written license therefor, upon proof that, in depositing his valuables in a box for safe-keeping before entering a Turkish bath, he placed a revolver therein. *Held*, that a certificate of reasonable doubt should be issued; the validity of the statute being subject to question, and the proof not being evident that accused took the revolver from his person where he had it concealed.

    . [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2730; Dec. Dig. § 1073.*]

One Vogorito was convicted of crime. On motion for certificate of reasonable doubt. Certificate granted. Affirmed by Appellate Division, 155 App. Div. 934, 140 N. Y. Supp. 1137.

C. S. Whitman, of New York City, for plaintiff.

Palmieri & Wechsler, of New York City, for defendant.

GERARD, J. Defendant, on reargument, moves for a certificate of reasonable doubt. Upon the former motion no question was raised as to the constitutionality of the statute upon which the conviction was based. This question is now raised. The particular provision under which the defendant was convicted is as follows:

"Any person over the age of sixteen years, who shall have in his possession in any city, village or town of this state, any pistol, revolver or other firearm of a size which may be concealed upon the person, without a written license therefor, issued to him by a police magistrate of such city or village, or by a justice of the peace of such town or in such manner as may be prescribed by ordinance in such city, village or town, shall be guilty of a misdemeanor."

It appears that in this case the defendant entered a Turkish bath, and among the articles deposited with the clerk for safe-keeping was a revolver. The clerk handed defendant a box to put his valuables in, and did not see defendant take the revolver from his person; there was therefore no evidence that the revolver was concealed on defendant's person. In the case of People ex rel. Darling v. Warden, 74 Misc. Rep. 151, 134 N. Y. Supp. 335 (reversed in 154 App. Div. 413, 139 N. Y. Supp. 277), Mr. Justice Pendleton sustained a writ of habeas corpus sued out by one who had been arrested, charged with having a revolver in a cabinet in his house, saying, in his opinion:

"Under the pretense of prescribing a police regulation, the state cannot be permitted to encroach upon any of the just rights of the citizen which the Constitution intended to secure against abridgment, and under the guise of police regulations personal rights cannot be arbitrarily invaded. The courts must be able to see that the public needs is the end actually arrived at, and that the law in question is appropriate and adapted to that end. It may well be questioned whether a statute making every possible constructive possession a crime is appropriate and adapted to the end in view," etc.

In the case of People ex rel. Prince v. Fallon, 146 N. Y. Supp. 253, Mr. Justice Gavegan held that the possession of a revolver by a pawnbroker who exposed it for sale was not a violation of the statute. In

the recent case of People v. Persce, 204 N. Y. 397, 97 N. E. 877 (reported in the advance sheets of March 16,1912), the Court of Appeals passed on the question whether the portion of this law making the mere possession of a slung shot a felony was constitutional, and seems to make a distinction between weapons kept for purposes of legitimate defense and weapons such as sand bags and slung shots, saying:

"The act in question relates to instruments which are ordinarily used for criminal and improper purposes and which are not among those ordinary legitimate weapons of defense and protection which are contemplated by the Constitution and the Bill of Rights."

Of course, the Legislature is well within its constitutional power in making it a felony to carry concealed weapons, but, in this particular case there was no evidence that the defendant had concealed the weapon on his person. In a criminal prosecution nothing can be left to guess or conjecture. In the case before Mr. Justice Pendleton, the accused placed a revolver in a cabinet in his house. In that before Mr. Justice Gavegan the accused placed the revolver in a show window. Here the accused had the revolver in his constructive possession in a locker or drawer in a bath establishment. There was no element of concealment in any of these cases.

I think that, under these state of facts and the above decisions, there is such a reasonable doubt as to the validity of the conviction of the defendant as entitles him to the certificate provided by law.