## CITY MAGISTRATES' COURT—NEW YORK CITY— FIRST DIVISION.

### Sept. 21, 1912.

## THE PEOPLE v. PASQUALE STRAMENDINO.

CONCEALED WEAPONS*—PENAL LAW, SEC. 1897.

>    Defendant was assaulted in his premises by one D. who struck him
>    violent blows on the head with a stick, knocking him down. Fearing
>    that his life was in danger, he drew from under his bed a pistol, which
>    he fired in the air as a call for help, D. continuing the assault he
>    fired more shots and wounded D. Held, that defendant could not be
>    held on the charge of carrying a fire arm in a public place.

*Thomas W. McKnight,* for the defendant.

FRESCHI, City Magistrate:

It appears that the defendant was assaulted on June 29th, 1912, in his premises at No. 97 Thompson street, in the city and county of New York, by one Antonio Digiglio, who struck the defendant violent blows on the head with a stick, thereby knocking him down. Stramendino then fearing that his life was in danger, drew from under his bed a pistol, which he fired, as he says, in the air, as a warning and as a call for help. When Digiglio continued the assault, the defendant fired more shots and wounded the complainant.

The defendant has been discharged on the complaint alleging a felonious assault; and he is now held on the charge of having violated section 1897 of the Penal Law, in that he had in his possession a weapon commonly known as a revolver.

The defendant admits that he is not a citizen of the United States.

The fifth subdivision of the statute under consideration and governing this case provides that " any person not a citizen of

* See Note on Right to Bear Arms, 26-515.

the United States, who shall have or carry fire-arms, or any dangerous or deadly weapon, in any public place, at any time, shall be guilty of a felony."

The defendant's counsel argues that for any person, alien or citizen, to carry concealed a firearm in any public place is a felony under the third subdivision of this law; and that for any person, other than an alien, to have or possess in the city of New York, in any manner other than concealed upon the person a firearm in a public place is guilty of a misdemeanor. Counsel contends that this law unjustly discriminates against an alien by making his act in such case a felony and that because of such discrimination the statute is unconstitutional.

The power to declare a law unconstitutional is a tremendous power which ought to be sparingly and wisely used. The Court of Appeals, Hiscock, J., writing, in People v. Persce (204 N. Y. 397, 403), in which case a portion of this statute was attacked as unconstitutional, said: "The provision in the Constitution of the United States that ' the right of the people to keep and bear arms shall not be infringed ' is not designed to control legislation by the State. (Presser v. Illinois, 116 U. S. 252.) There is no provision in the State Constitution at least directly bearing on this subject, but only in the statutory Bill of Rights."

While there seems to be authority for holding, as defendant contends, that aliens have all the rights, privileges and benefits accruing to citizens under the Federal and State Constitutions, still I am of the opinion that it is unnecessary for me to pass upon the question raised.

The proof fails to establish one of the essentials of the alleged crime here, namely, the having and carrying of a firearm in some public place.

For these reasons the defendant is entitled to a dismissal of the complaint. The discharge of the defendant is hereby ordered.