# CITY MAGISTRATES' COURT—NEW YORK CITY— FIRST DIVISION.

## Sept. 21, 1912.

## THE PEOPLE v. KICK KEE.

(1) CONCEALED WEAPONS*—PENAL LAW, SEC. 1897.

   To have a pistol or other fire arm in a home or other private place is not a violation of law.

(2) SAME.

   Where a pistol is found in the defendant's bed, in what is admitted to be his room, there being three other persons in the room at the time of its discovery, and no admission of ownership is obtained, held, insufficient to sustain a conviction for carrying concealed weapons.

(3) SAME—WHAT CONSTITUTES POSSESSION.

   The "possession" of a firearm of the size that may be concealed on the person, without a permit, means actual and not constructive possession.

*Charles W. Gould,* for the defendant.

FRESCHI, City Magistrate:

Police Officer Kiernan found the defendant in a room on the second floor of No. 12 Pell street, on the 20th day of August, 1912. In making a search of the room the officer found a loaded 38-calibre Smith & Wesson revolver between the spring and mattress of the bed at the time in use by defendant. It is claimed by the complaining witness that the defendant stated that the room was his room. In fact, it is admitted in this regard by the defendant's counsel that the defendant resides and has resided there for a short time.

A significant fact which has been established by the defendant is that there were three other Chinamen besides the defend-

---

* See Note on Right to Bear Arms, vol. 26, page 515.

ant in the same room at the moment the gun in question was discovered. Hence the theory of exclusive opportunity is destroyed so far as it concerns this case.

When the pistol was shown to the defendant by the officer and inquiry was made of him as to whether he owned it, the defendant merely shrugged his shoulders and remained silent. Whether this circumstance, standing alone, ought to be treated as an admission of ownership needs not be passed upon now. There is no positive evidence as to the ownership of the gun.

Aside from this phase of the case, the statute governing it seems to prohibit any person having or carrying firearms, or any dangerous or deadly weapon in any public place, at any time (section 1897, Penal Law). A violation of this law is made a felony and punishable as such.

Other provisions of this statute have been made the subject of judicial review. In the case of the People v. Persce (204 N. Y. 397), the Court of Appeals declared that the voluntary and willful carrying or possession of certain dangerous weapons to be a crime, without proof of other intent, and that the inhibition in such cases is not a violation of the right to bear and carry arms guaranteed by the Constitution.

Mr. Justice Pendleton, in People ex rel. Darling v. Warden (74 Misc. 151), and Mr. Justice Gerard, in The People v. Vigorito (New York Law Journal, April 5, 1912), ruled substantially that the " possession " of a firearm of the size that may be concealed upon the person without a permit means actual and not constructive possession.

In the light of these precedents, it would seem that to have a pistol or other firearm in a home or other private place is not a violation of law.

The complaint must be dismissed, and the defendant is ordered discharged.