PEARL W. MEYERSON, Respondent, v. HENRY MEYERSON, Appellant.— Action for separation. Order awarding plaintiff alimony *pendente lite* and counsel fee affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERMAN RABINOWITZ, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting the defendant of the crime of assault in the third degree, and order denying defendant's motion for a new trial, affirmed. No opinion. Carswell, Johnston, Adel and Close, JJ., concur; Lazansky, P. J. (dissenting): I vote to reverse the judgment, to dismiss the appeal from the order, and to dismiss the information on the ground that the Court of Special Sessions had no jurisdiction, as the crime charged in the information, viz., wilful striking on the face, head, and forehead of another with the fist of defendant having metal knuckles on his hand, was assault in the second degree, which is a felony. Section 242 of the Penal Law states that a person is guilty of assault in the second degree who " 4. Wilfully and wrongfully assaults another by the use of a weapon, or other instrument or thing likely to produce grievous bodily harm; * * *." Brass knuckles are such a weapon or instrument as a matter of law. They are " used for inflicting a brutal blow " (Encyc. Britannica); they are " dangerous and foul weapons." (*People* v. *Persce*, 204 N. Y. 397, 402.) Mere possession thereof was formerly a felony, and is now a misdemeanor. (Penal Law, § 1897.)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES H. RONALDS, Appellant.— Judgment of the County Court of Nassau County, convicting defendant of manslaughter in the first degree, and orders denying defendant's motions to set aside the verdict and in arrest of judgment, unanimously affirmed. The opposing medical testimony presented a question of fact for the jury. When considered in connection with the other evidence showing a direct sequence of events between the assault committed by defendant and the decedent's death, the proof was ample to enable the jury to conclude beyond a reasonable doubt that the assault was the producing cause of death. (*People* v. *Brengard*, 265 N. Y. 100; *People* v. *Patrick*, 182 id. 131.) Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.