The People of the State of New York, Respondent, *v.* William Terra and Joseph Terra, Appellants.

Argued October 5, 1951; decided December 6, 1951.

*Ira H. Morris* for appellants. Subdivision 1-a of section 1897 of the Penal Law is unconstitutional in that it violates the due process clause of the Fourteenth Amendment to the United States Constitution. (*People ex rel. Murphy* v. *Jackson,* 301 N. Y. 540; *People* v. *Murphy,* 276 N. Y. 612; *People ex rel. Ackalitis* v. *Foster,* 193 Misc. 634; *People* v. *Gerschinsky,* 281 N. Y. 581, 881, 296 N. Y. 1007; *People ex rel. Rogalski* v. *Martin,* 290 N. Y. 751, 320 U. S. 767; *People ex rel. Rogalski* v. *Martin,* 291 N. Y. 729; *People ex rel. Dixon* v. *Lewis,* 249 App. Div. 464, 276 N. Y. 613; *People* v. *Pinder,* 170 Misc. 345; *Pollock* v. *Williams,* 322 U. S. 4; *Tot* v. *United States,* 319 U. S. 463.)

*Clarence J. Henry, District Attorney,* for respondent. I. Subdivision 1-a of section 1897 of the Penal Law is not unconstitutional. (*People* v. *Burt,* 171 Misc. 166; *People* v. *Gerschinsky,* 281 N. Y. 581; *People ex rel. Murphy* v. *Jackson,* 301 N. Y. 540; *People* v. *Murphy,* 276 N. Y. 612; *People ex rel. Ackalitis* v. *Foster,* 193 Misc. 634; *People ex rel. Dixon* v. *Lewis,* 249 App. Div. 464; *People* v. *Pinder,* 170 Misc. 345; *Morrison* v. *California,* 291 U. S. 82; *People* v. *Wilson,* 151 N. Y. 403; *People* v. *Schooley,* 149 N. Y. 99; *Knickerbocker* v. *People,* 43 N. Y. 177; *People* v. *Galbo,* 218 N. Y. 283; *People* v. *Mancuso,* 255 N. Y. 463; *People* v. *Cannon,* 139 N. Y. 32.) II. The guilt of appellant William Terra was established beyond a reasonable doubt, even if the provision of subdivision 1-a of section 1897 as to presumption is held unconstitutional. (*People ex rel. Murphy* v. *Jackson,* 301 N. Y. 540; *MacRae* v. *Chelsea Fibre Mills,* 145 App. Div. 588; *Matter of Huss,* 126 N. Y. 537; *People* v. *Katz,* 154 App. Div. 44; *People* v. *Seidenshner,* 210 N. Y. 341; *People* v. *Ferraro,* 161 N. Y. 365.) III. The guilt of appellant Joseph Terra was likewise established beyond a reasonable doubt. (*People* v. *Ogle,* 104 N. Y. 511.)

FULD, J. On July 19, 1949, a machine gun and ammunition for it were found in a one-room store, occupied — or so the jury could have concluded — by the brothers Terra and used by them

in connection with their business of distributing and servicing pinball machines. They were indicted, accused of illegally possessing a machine gun in violation of subdivision 1-a of section 1897 of the Penal Law. Adjudged guilty after trial, they seek a reversal upon the ground that the jury was permitted, by virtue of the court's charge, to rest its verdict upon that clause of subdivision 1-a, which provides that "The presence of such machine-gun in any room, dwelling, structure or vehicle shall be presumptive evidence of its illegal possession by all the persons occupying the place where such machine-gun is found." It is urged that the statute, insofar as it creates the presumption, is unconstitutional.

The presumption provision, broad in scope, applies not only where, as here, the machine gun is found in a " room," but also where it is discovered in a " dwelling," " structure " or " vehicle ". Mindful of the policy that courts decide only those constitutional questions necessary for determination of the case as presented (see, e.g., *Schieffelin* v. *Goldsmith,* 253 N. Y. 243, 250–251; *People ex rel. Alpha Portland Cement Co.* v. *Knapp,* 230 N. Y. 48, 60; *People ex rel. Price* v. *Sheffield Farms Co.,* 225 N. Y. 25; *People* v. *Beakes Dairy Co.,* 222 N. Y. 416, 429), we consider the statute only insofar as it relates to the presumption based upon occupancy of a " room ". (Cf. *People* v. *Murphy,* 276 N. Y. 612; *People ex rel. Murphy* v. *Jackson,* 301 N. Y. 540, in which, although constitutionality of the provision here involved was argued, the court found it unnecessary to decide question.)

Presumptions are no innovation in the field of criminal law. For many years legislatures have been enacting statutes providing that certain facts, which in themselves would be insufficient to justify a conviction, shall, when proved, constitute presumptive or prima facie evidence of the existence of the principal fact in issue. Although such provisions undoubtedly facilitate proof of guilt and the task of the prosecution, they are not, for that reason, to be condemned. However, the presumptive device provided for may not be employed in such manner as to impair the right to trial by jury, relieve the prosecution of its burden of proving guilt beyond a reasonable doubt or otherwise deny to persons accused of crime, " those fundamental rights and immutable principles of justice which are embraced within the conception of due process of law." (*Bailey* v. *Alabama,* 219 U. S. 219, 239; see, also, *People* v. *Cannon,* 139 N. Y. 32, 43.)

And, since a defendant is presumed to be innocent until the contrary is proved, due process, it has been said, demands that " a verdict against [him] * * * be preceded by the introduction of some evidence which tends to prove the elements of the crime charged." (*Tot* v. *United States,* 319 U. S. 463, 473, per BLACK, J., concurring.)

The validity of a presumption statute, the permissibility of the presumption created, depend, therefore, upon whether, based on life and life's experiences, a rational connection between the fact proved and the ultimate fact presumed may be said to exist. (See *People* v. *Pieri,* 269 N. Y. 315, 324; *People* v. *Cannon, supra,* 139 N. Y. 32, 42 *et seq.; Board of Commissioners* v. *Merchant,* 103 N. Y. 143, 148; *Tot* v. *United States, supra,* 319 U. S. 463, 467–468; *Morrison* v. *California,* 291 U. S. 82, 90; *Manley* v. *Georgia,* 279 U. S. 1, 5–6, 7; *Casey* v. *United States,* 276 U. S. 413, 418; *McFarland* v. *American Sugar Co.,* 241 U. S. 79, 86; *Luria* v. *United States,* 231 U. S. 9, 25; *Lindsley* v. *Natural Carbonic Gas Co.,* 220 U. S. 61, 82; *Bailey* v. *Alabama, supra,* 219 U. S. 219, 238.) " * * * the fact upon which the presumption is to rest must have some fair relation to, or natural connection with the main fact " (*People* v. *Cannon, supra,* 139 N. Y. 32, 43); " What is proved must be so related to what is inferred * * * as to be at least a warning signal * * * experience must teach that the evidence held to be inculpatory has at least a sinister significance " (*Morrison* v. *California, supra,* 291 U. S. 82, 90).

Turning to the case before us, there can be no doubt about the " sinister significance " of proof of a machine gun in a room occupied by an accused or about the reasonableness of the connection between its illegal possession and occupancy of the room where it is kept. Persons who occupy a room, who either reside in it or use it in the conduct and operation of a business or other venture — and that is what in its present context the statutory term " occupying " signifies (see Webster's New International Dictionary [2d ed., 1948], p. 1648; cf. *People* v. *Simon,* 66 Cal. App. 2d 860) — normally know what is in it; and, certainly, when the object is as large and uncommon as a machine gun, it is neither unreasonable nor unfair to presume that the room's occupants are aware of its presence. That being so, the legislature may not be considered arbitrary if it acts upon the presumption and erects it into evidence of a possession that is

" conscious " and " knowing ". (Cf. *People* v. *Leavitt,* 301 N. Y. 113, 116; *People* v. *Wolosky,* 296 N. Y. 236, 239; *People* v. *Persce,* 204 N. Y. 397, 402.)

On the basis of somewhat similar reasoning, the Supreme Court of the United States has upheld the validity of a statute providing that the existence of a liquor still upon " real estate " constitutes prima facie evidence that those " in actual possession " of the land knew of the location of the still and may, on the strength of that presumption, be held guilty of the crime of permitting a still to be operated upon their property. (See *Hawes* v. *Georgia,* 258 U. S. 1.) And this court has today reaffirmed the constitutionality of section 1898-a of the Penal Law, which recites that the " presence in an automobile " of any gun or other designated weapon " shall be presumptive evidence of its illegal possession by all the persons * * * in such automobile at the time such weapon * * * is found." (See *People* v. *Russo,* 303 N. Y. 673; *People* v. *Gerschinsky,* 281 N. Y. 581.) If such statutes are constitutional — one presuming knowledge of a still from possession of perhaps a large area of land and the other presuming possession of a gun from mere presence in an automobile — then, a fortiori, a provision declaring possession of a gun inferable from occupancy of the room where it is found, is reasonable and valid.

Except for law enforcement officials and the few other groups expressly exempted from the application of subdivision 1-a of section 1897, a machine gun is never permissible equipment or standard stock in trade of any legitimate business or profession, and rarely, if ever, is its possessor either law-abiding or engaged upon a lawful task. If, therefore, it is reasonable — and we have shown that it is — to presume possession of a machine gun from evidence that defendants were occupying the room in which it was kept, it follows almost as matter of course that it is rational further to infer an *illegal* possession, since a machine gun is property " not likely * * * to be found in the possession of innocent parties." (*Adams* v. *New York,* 192 U. S. 585, 599, affg. 176 N. Y. 351, dealing with policy slips; see, also *People* v. *Cannon, supra,* 139 N. Y. 32, dealing with bottles bearing distinctive marks of another; *State* v. *Fitzpatrick,* 141 Wash. 638, dealing with burglar's tools; *People* v. *Scott,* 24 Cal. 2d 774, dealing with guns from which identi-

fying marks were removed; *Reid* v. *Perkerson,* 207 Ga. 27, dealing with lottery tickets; *People* v. *Fitzgerald,* 14 Cal. App. 2d 180, certiorari denied 299 U. S. 593, dealing with high explosives; *Mantell* v. *Jones,* 150 Neb. 785, dealing with vehicles from which identifying numbers were removed; and cf. Penal Law, § 1898, providing that possession by any person other than a public officer of certain '' dangerous or deadly '' weapons is '' presumptive evidence of carrying, concealing or possessing with intent to use the same in violation of this article '', which was deemed constitutional in *People ex rel. Woronoff* v. *Mallon,* 222 N. Y. 456, 467; *People* v. *Persce, supra,* 204 N. Y. 397; *People* v. *Panitz,* 251 App. Div. 276.)

The section 1897 presumption, with which we are concerned, is to be contrasted with subdivision (f) of section 2 of the Federal Firearms Act, declared unconstitutional in *Tot* v. *United States* (*supra,* 319 U. S. 463). That provision prescribed that the possession of a firearm by any person who has been convicted of a crime of violence or is a fugitive from justice shall be presumptive evidence that the article was received by him *in* interstate commerce *after* the effective date of the statute. Absence of a rational basis for such an inference is as patent as is existence of a reasonable connection between actual possession of a machine gun and its illegal, guilty possession.

The statute here challenged visits no oppressive burden upon an accused. It gives him every opportunity to rebut the presumption — for which, as we have seen, there is fair and reasonable basis — merely calling upon him to explain the highly sinister and suspicious proof that a death-dealing machine gun was found in a room occupied by him. And, even if he offers no explanation, the jury may still refuse to convict. The burden of proof upon the entire case, the duty of establishing guilt beyond a reasonable doubt, remains as ever with the prosecution. Defendant's right to a fair trial continues undiminished; no hardship is imposed, no constitutional right or safeguard impaired.

The judgment should be affirmed.

Loughran, Ch. J., Lewis, Conway, Desmond, Dye and Froessel, JJ., concur.

Judgment affirmed.