THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* BENIGNO PACHECO RUIZ, k/a THE DOCTOR , Defendant and Appellant.

No. 15854. Argued February 1, 1955.—Decided February 28, 1955.

---

*Benigno Pacheco Ruiz* on his own behalf. *José Trías Monge, Attorney General,* and *Ramón Olivo Nieves, Special Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Benigno Pacheco Ruiz was charged with carrying a revolver without a license, in violation of § 7 of the "Weapons

Act of Puerto Rico."[1] In a separate information defendant was also charged with having violated § 6 of the same Act, for the unlawful possession of the revolver.[2] Both informations stemmed from the same facts and they charged felonies because, as alleged in the informations, defendant had been previously convicted by the former District Court of Mayagüez of two crimes of burglary in the first degree and of the crime of grand larceny by the former District Court of Humacao. Both cases were tried jointly by a court without a jury in the Superior Court of Puerto Rico, Ponce Part because defendant waived his right to a trial by jury. The court found defendant guilty in both cases and sentenced him to serve concurrently from two to three years' imprisonment in the penitentiary in each case.

Defendant appealed from both sentences and in support of his appeal he filed a brief which he entitles "Motion of Briefs". It is most difficult to determine accurately the specific errors which he wishes to assign. However, a perusal of that motion leads us to agree with the prosecuting attorney that it was appellant's intention to charge the trial court with the following errors: (1) in admitting the certificates introduced by the prosecuting attorney to prove defendant's former convictions; (2) in finding defendant guilty without his having had the proper assistance of counsel; (3) in admitting Eligio Rodríguez Torres as witness and

---

[1] Section 7 of Act No. 17 of January 19, 1951 (Spec. Sess. Laws, p. 426) provides:

"Any person who bears, carries, or transports any pistol, revolver or other firearm without having a license therefor issued as hereinafter provided, shall be guilty of a misdemeanor and, if previously convicted of any violation of this Act or of any of the offenses specified in Section 17 hereof, or uses the weapons in the commission of any of such offenses, shall be guilty of a felony."

[2] Section 6 of that Act provides:

"Any person who has or possesses any pistol, revolver, or other firearm without having a license therefor issued as hereinafter provided, shall be guilty of a misdemeanor and, if previously convicted of any violation of this Act, or of any of the offenses specified in Section 17 hereof, or uses the weapon in the commission of any of such offenses, shall be guilty of a felony."

in believing his testimony; (4) in believing likewise Bernardo Colón's testimony; (5) in rendering judgment on the basis of insufficient evidence; (6) in finding defendant guilty of the crimes charged since he had been previously convicted of those same crimes; (7) that the judgment is void because the trial judge acted with passion, prejudice, and partiality. We shall now turn to discuss each count.

At the trial the prosecuting attorney offered in evidence certified copies of the informations, judgments and minutes of the respective trial courts, in the cases of convictions of burglary and grand larceny. The defense opposed the admission of those documents. As to the case of grand larceny his contention was that the documents concerning the same should not be admitted in evidence because they did not show whether an appeal had been taken from the judgment rendered against defendant and in addition because it deprived defendant from his right to cross examine the custodian of the documents. As to the certificates concerning the cases of burglary, the defense alleged that they were not admissible in evidence because they disclosed that defendant had not been represented by counsel when judgments were pronounced. The trial court overruled all these objections and admitted the documents in evidence, indicating, however, that it would not give any weight to the certificates introduced in connection with the cases of burglary.

According to §§ 6 and 7 of Act No. 17, 1951, *supra*, the violations of those Sections constitute felonies if the violator has been previously convicted of any violation of the Weapons Act or any of the crimes enumerated in § 17 of the same Act,[3] among which we find larceny and burglary. By virtue

---

[3] Section 17 of the Weapons Act provides that:

"The Chief of Police of Puerto Rico shall not issue a license to have and possess a firearm to any person convicted in or outside Puerto Rico, of any of the following offenses or of the attempt to commit the same: murder in any degree, voluntary manslaughter, kidnapping, rape, mayhem, assault with the intent to commit murder or manslaughter, aggravated assault and battery, when such offense was committed with a cutting,

of the precise language of § 17, the prosecuting attorney was not obliged to prove the three previous convictions, that is, the two convictions for burglary and the one for larceny. It was enough for him to prove one previous conviction of defendant in any of those cases. The trial judge, according to what we have indicated, admitted the certificates concerning the crimes of burglary but afterwards discarded them. Likewise he admitted the certificate in connection with the crime of larceny. In so doing the trial judge did not err, and its admission was enough to show that appellant had been previously convicted of one of the crimes specified in § 17. His former conviction made the possession or carrying of a weapon under § § 6 and 7 of the Act, *supra*, a felony.

A certified copy of the information, judgment, and minutes, of the former District Court of Humacao in connection with the case of larceny against defendant in said court was clearly admissible. Section 56 of our Law of Evidence; *Negrón* v. *Corujo*, 67 P.R.R. 371. In that certificate it is clearly stated that no appeal was taken from the judgment rendered in the case of larceny and that the judgment was final and decisive (*firme*). That was enough to prove the former conviction of that crime. *Cf. People* v. *Torres*, 39 P.R.R. 547; *People* v. *Morales*, 61 P.R.R. 870.

 The second error assigned is entirely frivolous. The record clearly discloses that defendant was duly assisted by counsel at all the stages of the proceeding; at the preliminary hearings, by Mr. Jesús Rodríguez, and at the trial, by Mr. Fernando Pérez Rejis.

The fact that Eligio Rodríguez Torres had been convicted of a felony prior to the date when he was testifying did not preclude him from serving as a witness in the cases against

piercing or fire weapon, robbery, burglary, larceny, arson, incest, violation of Act No. 53 of June 10, 1948, as amended or violation of Act No. 220 of May 15, 1948, as amended, or violation of Section 371 of the Penal Code; nor to any person who is mentally unbalanced, or a habitual drunkard or a narcotic or drug addict; nor to any person convicted for the violation of the provisions hereof."

defendant. See § 38 of the Law of Evidence, which provides that "all persons, without exception, . . . who, having organs of sense, can perceive, and perceiving, can make known their perceptions to others, may be witnesses. Therefore, neither parties . . . are excluded; nor those who have been convicted of crime."

 Nor did the trial court err in believing Bernardo Colón's testimony. The court had a right to do so and to settle the conflict in the evidence.

There are abundant local decisions that in cases of this kind it is not necessary to introduce the weapon in evidence. *People* v. *Rupizá,* 72 P.R.R. 694; *People* v. *Carrillo,* 51 P.R.R. 353, 355; *People* v. *Álvarez,* 50 P.R.R. 100; *People* v. *García,* 42 P.R.R. 137, 139. In such cases the case law requires that the evidence be clear and convincing. *People* v. *Rupizá, supra; People* v. *Guzmán,* 52 P.R.R. 444, 445. In the cases at bar Eligio Rodríguez Torres, Bernardo Colón, and César Velázquez testified as witnesses for the People. Defendant was the only witness for the defense. The evidence was conflicting, but the trial court settled the conflict by believing the evidence introduced by the prosecuting attorney. Although Eligio Rodríguez Torres was the only witness who declared that he had seen defendant in possession of and carrying the weapon, such testimony was enough if the trial judge believed him, notwithstanding the fact that the weapon was not seized. Section 18 of the Law of Evidence.[4] *Cf. People* v. *Persce,* 97 N.E. 877, 878.

 In cases of unlawful carrying or possession of firearms, the prosecuting attorney is not bound to prove that defendant had no license, when that fact has been alleged in the information and the carrying and possession of the weapon has been proved, since in those cases the presumption of illegal carrying or possession arises, and it is incumbent

---

[4] Section 18 of the Law of Evidence provides that:

"The direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact, except perjury and treason."

upon defendant to adduce evidence to overcome that presumption. *People* v. *Segarra, ante,* page 696; *People* v. *Negrón,* 76 P.R.R. 323, in which it is stated at page 328 that ". . . There is, however, another rule, generally accepted by the American courts, to the effect that it is not incumbent upon the prosecution to adduce positive evidence to support a negative averment, the truth of which is fairly indicated by established circumstances and which if untrue could be readily disproved by the production of documents or other evidence probably within the defendant's possession or control." Therefore, it was unnecessary to consider any evidence introduced by the prosecuting attorney to prove that defendant had no license to carry or possess firearms, since the burden was on defendant to prove that he had licenses. He failed to offer any proof to that effect.

With regard to appellant's contention that the judgments must be reversed because he had been previously tried for the same crimes which gave rise to the informations in the cases at bar, it suffices to say that we have read the transcript which has been sent to this Court and we find no grounds to support his contention. See *People* v. *Lorenzana,* 52 P.R.R. 857, 859.

Neither do we find any showing in the transcript of the evidence that the trial judge acted with passion, prejudice, and partiality.

The judgments appealed from will be affirmed.