Wachtler, J.
(concurring in part and dissenting in part). I concur with the majority in concluding that defendant Lemmons’ motion to suppress the two handguns should have been denied on the ground that the trial court found that these weapons were in "plain view”. However I cannot agree that the convictions of Lemmons, Hardrick and Allen, for possession of the weapons found in defendant Doe’s handbag should be affirmed.
Initially, I would note that the applicability of the presumption was put squarely in issue by the defendants. At the close of the People’s case defendants, Lemmons, Hardrick and Allen, moved to dismiss the indictments on the ground that the statutory presumption of possession was negated by the uncontradicted proof that the weapons were at all times on the person of defendant Doe. Defendants strenuously contended that the handbag was her exclusive personal property and she alone exercised dominion and control over it. The record reveals that the court and the parties engaged in a lengthy colloquy on this specific point. In light of this pointed, thorough • challenge to the operation of the presumption I believe that the issue was properly preserved and that the failure to object to the charge to the jury had no effect whatsoever with respect to preservation.
In my view the application of the presumption (Penal Law, § 265.15, subd 3) arising from presence in an automobile in which a firearm is found was erroneous. The statute provides that the presence of a firearm in an automobile is presumptive evidence of its possession by all persons occupying the automobile, "except * * * if [it] is found upon the person of one of the occupants”. I would conclude that, as a matter of *514 law, the handguns in this instance were found "upon the person” of Jane Doe within the contemplation of the statute.
In order to be convicted of the crime of possession of a firearm, the People must establish beyond a reasonable doubt that the defendant had physical or constructive possession of a firearm (Penal Law, § 265.15, subd 1; § 10.00, subd 8). In instances where several individuals are involved, none of whom has clear-cut dominion over the contraband, the task of the People is particularly difficult. Nowhere is this more difficult than where the individuals are situated in a motor vehicle (People ex rel. De Feo v Warden, 136 Misc 836). In response to this problem the Legislature in 1936 enacted a presumption of possession applicable to all persons present in an automobile at the time a weapon is found in the vehicle (L 1936, ch 390). The purpose of this presumption was articulated in People v Logan (94 NYS2d 681, 683-684): "As with other presumptions, however, the presumption here being considered is a rule of necessity. It is to be invoked only if, under the circumstances involved, there is an absence of satisfactory evidence of the ultimate fact to be established, to wit: To which of the occupants is 'possession’ attributable? Obviously, therefore, if the undisputed facts of any given situation establish that the gun is actually possessed by any particular individual or individuals occupying the automobile, there is then no burden under section 1898-a imposed upon the remaining occupants of such car to go forward with prooi tending to refute the presumption which would otherwise attach by virtue of occupancy. The positive evidence of actual possession in such case would wholly dissipate the necessity for the invocation of the statutory presumption.”
This provision was carried forward when the Penal Code was revised (L 1965, ch 1030) and was amended to provide an exception for weapons "found upon the person of one of the occupants” (Penal Law, § 265.15, subd 3, par [a]). Constitutional challenges claiming that this presumption amounts to a denial of due process have been rejected (People v Terra, 303 NY 332; People v Russo, 278 App Div 98, affd 303 NY 673). In general, presumptions of this type are constitutional provided "based on life and life’s experiences, a rational connection between the fact proved and the ultimate fact presumed may be said to exist” (People v Terra, supra, at p 335; Tot v United States, 319 US 463; Leary v United States, 395 US 6; People v McCaleb, 25 NY2d 394; People v Leyva, 38 NY2d 160; see, *515 generally, McCormick, Evidence, § 313). Certainly it is rational to infer from a person’s presence in an automobile that he has actual or constructive possession over a weapon found in that vehicle. However, this statement is not true when the proof at trial establishes that the weapon is in the exclusive possession of one of the occupants. So, where a weapon is discovered in a passenger’s vest pocket there will flow no rational belief that the driver is in possession of that weapon.
The same analysis applies where the weapon is found in a place which is but an extension of a particular individual. Here the weapon was found in a woman’s handbag which was located within her natural and easy reach and defendant Doe, who was the only woman in the vehicle, expressly admitted that it was her possession. An inference that all the occupants possessed these weapons hardly follows, naturally and rationally, from these circumstances. Common experience teaches that a woman’s pocketbook is but an extension of her pockets; intended to hold items which she cannot or prefers not to keep in her clothing. As such, a woman’s handbag generally contains highly personalized items exclusively controlled by the owner and is markedly different from other receptacles, like shopping bags or cartons, which in common experience do not communicate the same exclusivity as a woman’s handbag. In addition, this situation is clearly analogous to those cases where a search of the defendant’s attaché case or similar item within his exclusive control is sustained as incident to a valid arrest (e.g., People v Weintraub, 35 NY2d 351; People v Pugach, 15 NY2d 65).
Equally important is the accompanying fact that this pocketbook was positioned within the easy and natural reach of its owner; it was also literally only within her easy reach and not that of any of the other passengers. Thus it was on the floor, a not unnatural placement, and between her legs and the right-hand passenger door. It was not, for instance, between Jane Doe and one of the other occupants, either on the seat or on the floor. In this combination of critical circumstances, when there was but one woman’s pocketbook and but one woman in the car, who readily acknowledged that the pocketbook was hers, I would find the statutory presumption inapplicable. Indeed, this conclusion is inescapable in light of the historical origin of this statute as formulated within due process requirements. Convictions for possession of weapons simply cannot stand solely on the strength of a presumption where *516 the fact presumed, i.e., physical or constructive possession, does not flow rationally from the evidence presented.
Although the inapplicability of the presumption here mandates reversal, that does not end the matter. Wholly apart from the presumption the People may establish that these defendants did actually exercise dominion and control over the handguns. The presence of the weapons in the vehicle coupled with other evidence presently in this record might well furnish a basis for a jury to infer logically that these defendants constructively possessed the weapons found in her handbag. Accordingly, the orders should be modified by reversing and granting a new trial as to all defendants except Jane Doe and otherwise affirmed.