THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES DIXON, Appellant, *v.* RICHARD J. LEWIS, as Sheriff of Albany County, Respondent.*

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES LATHAM, Appellant, *v.* RICHARD J. LEWIS, as Sheriff of Albany County, Respondent.*

Third Department, January 20, 1937.

*Edward F. O'Connor* and *George H. Barber*, for the respective appellants.

*John T. Delaney, District Attorney* [*Henry S. Kahn, Assistant District Attorney*, of counsel], for the respondent.

* Revg. 160 Misc. 327.

McNamee, J. Section 1897 of the Penal Law provides that " A person * * * who * * * possesses a * * * pistol * * * is guilty of a misdemeanor, and if he has been previously convicted of any crime he is guilty of a felony."

Section 1898 of that statute provides that " The possession, by any person other than a public officer," of a pistol, " is presumptive evidence of * * * possessing with intent to use the same in violation of this article." Of course, that means with injury to another. The statute provides for the issuance of a permit to lawfully possess a pistol, on prescribed conditions.

Section 1898-a provides that " The presence in an automobile * * * of * * * a pistol * * * shall be presumptive evidence of its illegal possession by all the persons found " therein. The first two sections make the " possession " of a pistol a crime, and the latter " presumes " when a defendant is guilty thereof, despite the fact that the guilty one may never have had the pistol, may never have known of its possession by any one, and may never have known of its presence in the automobile. As it seems to me, the invalidity of the last section is apparent, not only from a consideration of habits of the people so general, but also on principles so fundamental and academic, that the citation of authority might well be regarded as surplusage.

The defendants are held by the sheriff of Albany county as a result of process following an information charging the defendants with feloniously, wickedly and knowingly violating section 1898-a of the Penal Law, in that they were " riding in an automobile " in the city of Albany, " at a time when there was in the said automobile a loaded revolver;" that none of the defendants were in the class of persons permitted to possess such a revolver; and that they did not hold a permit to possess the same.

It will not be questioned by one familiar with our jurisprudence that, in the establishment of crime, there must be a reasonable relation between a fact presumed and the fact to be proved. In the case under review I am unable to see the slightest connection between the two.

Had a crime been committed, and the automobile in question used for that purpose; had a crime been committed and was there reasonable ground to believe one of the occupants guilty thereof; had a crime been committed, and an automobile of similar appearance used in connection therewith; or even had some of the occupants been convicted of crime, and properly subjected to the surveillance of the police authority, an argument of some plausibility could be made that there was a legal relation between the fact of

crime and the presumption. But such is not the case here. No crime had been committed in so far as known, and no crime was charged. The information referred to no section of the Penal Law, except section 1898-a, and that section defines no crime. And were it to be thought that the information was sufficient as a charge of crime under section 1897, still there was no claim that either of the relators had a pistol in his possession. The only charge was that they were in an automobile in which a pistol was found.

An automobile is not designed for the commission of crime, albeit sometimes it is devoted to such an end. Also, because of its fleetness, it may be useful to criminals. But the same is true of motorcycles, airships, railroad trains and similar devices in common use by the people. But to say that one who innocently steps into an automobile may, *ipso facto*, place himself in the criminal class, and subject himself to criminal prosecution, because of the unrelated fact that at sometime a pistol had been placed in the car and still remains there, is to assert something that is unreal, and has not the support of reason. It is against reason. If this presumption were sound in law under our constitutional limitations, it is difficult to see why it may not be extended with equal force to every home in the State; as homes, and " hide-outs " of various kinds, have been reduced to their purpose by criminals. The patient on his way to the hospital, or the physician or clergyman being hastily conveyed to the bedside of the sick, may be jeopardizing his legal character. If this presumption be legally effective, one may be convicted of crime when guilty of no unlawful act, has no guilty knowledge, harbors no evil intent. This result is not within the contemplation of the common law, nor of our Constitution. It amounts to a total disregard of due process of law.

The case is not within the rule that one relying on a license must prove it; nor within the rule that the possession of stolen property soon after the theft, the possession of burglar's tools, or of deer out of season, raises a presumption against the possessor. While those rules are *sui generis* in the criminal law, the one against whom the presumption is raised has knowledge of the circumstances, has actual possession, and has knowingly acted on the subject-matter of the crime. He is not held under a presumption that bears no relation to the offense.

And the statute itself, by one of its provisions, suggests its unreasonableness and vice, for it provides that it shall not apply to a duly licensed chauffeur. Were that exception not present in the statute, the ordinary taxi driver might be placed in the criminal class many times in a single day, when transporting patrons unlaw-

fully possessed of a pistol. The chauffeur is not expected to search the patron whose fare he seeks; that would be an obstruction to business. But under this statute, before a gentleman may ride with a lady, with security against criminal prosecution, he must first search her person, and her car, for hidden weapons.

Under our law, the *corpus delicti* must be proved; here it is *presumed.* Unlawful possession is the crime under section 1897; and under the statute in question that possession is not proved, it is presumed. The Legislature has no power to declare one guilty of crime; that is the function of the court, after due proof. Neither is it free to presume his guilt. It may not " name " persons to be prosecuted for crime, especially those who have done no wrong. Not only must the crime be proved, but any presumption tending to that end must have a rational relation to the ultimate fact. The facts presumed must have a persuasive tendency to establish the fact to be proved; and the presumption must rest upon a fact or circumstance of " sinister significance." This is not even a case of a presumption which obstructs a defendant in the presentation of his defense; there is nothing against which to defend, because no crime has been proved. (*Morrison* v. *California,* 291 U. S. 82; *McFarland* v. *American Sugar Refining Co.,* 241 id. 79, 86; *Mobile, J. & K. C. R. R. Co.* v. *Turnipseed,* 219 id. 35, 43; *People* v. *Cannon,* 139 N. Y. 32, 43; *Opinion of the Justices,* 208 Mass. 619, 623; 94 N. E. 1043.)

It has been suggested that enforcement officers would not seek to apply this presumption against innocent persons, but would be expected to press the statute only against known criminals. Our law does not contemplate that freedom from arrest and criminal prosecution shall depend upon the practical judgment or generous attitude of policemen, whether lawful or unlawful; and their duty would not be met by winking at the Penal Law. Such is not the test of constitutionality. Whether the Legislature has exercised its power arbitrarily, and unduly infringed the rights of citizens, is not to be determined by the possibility of its considerate enforcement, but rather by what may be done under it. (*Bailey* v. *Alabama,* 219 U. S. 219, 239; *Colon* v. *Lisk,* 153 N. Y. 188, 194; *Fisher Co.* v. *Woods,* 187 id. 90, 95.)

One of the main chords that runs all through this case was deftly struck by the Court of Appeals when it said: " Historic liberties and privileges are not to bend from day to day ' because of some accident of immediate overwhelming interest which appeals to the feelings and distorts the judgment.' " (*Matter of Doyle,* 257 N. Y. 244, 268.) The universal and legitimate practices of long standing pursued by the people, and the common habits of their daily lives

may not, by legislative *fiat*, be declared proof of crime in no way related to them.

The writs should have been sustained, and the relators discharged.

RHODES, J. (concurring). Section 1898-a* of the Penal Law provides that " the presence in an automobile * * * of * * * a pistol * * * shall be presumptive evidence of its illegal possession by all the persons found in such automobile at the time such weapon, instrument or appliance is found."

Has the Legislature the power to create such presumption in a criminal case from the facts stated in the section? It seems to me that it is a patent absurdity to say that the presence in an automobile of a pistol shall be presumptive evidence of its illegal possession by all the persons found in said automobile at the time.

Under our form of government it is fundamental that an accused may only be convicted in accordance with due process of law, and under due process of law an accused is not required to establish his innocence, but the People are required to establish his guilt. (See Code Crim. Proc. §§ 389, 393.)

Universally the guilt of the accused must be established beyond a reasonable doubt, which simply means that the facts proven must by virtue of their probative force establish his guilt. (See 5 Wigmore Evidence [2d ed.], §§ 2497 *et seq.*, p. 464.)

It is a truism requiring neither argument nor demonstration to establish that the Legislature has not the power, nor has any other human agency the power, by fiat to make two plus two other than four; neither has it the power to give substance to shadows nor to declare that to be proof which inherently lacks probative force.

Prior to the enactment of said section 1898-a no one seems to have thought that the presence of several persons in an automobile containing a dangerous weapon was sufficient to establish possession of such weapon by any or all of the occupants of the car. If these facts were insufficient before the enactment of the section, how can the Legislature impart to such facts probative force which actually and inherently they do not possess? Mere legislative fiat may not take the place of fact in the determination of issues involving life, liberty and property. (*Manley* v. *Georgia*, 279 U. S. 1.)

Under this statute it would be possible to convict the defendant upon proof of the facts enumerated in the section and thus his conviction could be brought about upon facts not amounting to valid proof, because lacking probative force to support the presumption.

It seems self-evident that the Legislature has not the power to

* Added by Laws of 1936, chap. 390.— [REP.

declare that certain facts shall be sufficient to prove the thing sought to be established, when it is apparent that such facts do not in reason and logic possess such inherent probative force and value; otherwise the Legislature might by fiat create a presumption which would permit the guilt of the defendant to be declared without actual proof thereof. There must be rational connection between the facts proven and the ultimate fact sought to be established. (See *McFarland* v. *American Sugar Refining Co.*, 241 U. S. 79; *Bailey* v. *Alabama*, 219 id. 219; *Mobile, J. & K. C. R. R. Co.* v. *Turnipseed*, Id. 35; *People* v. *Cannon*, 139 N. Y. 32; *Morrison* v. *California*, 291 U. S. 82; *Western & Atlantic Railroad* v. *Henderson*, 279 id. 639; *People* v. *Mancuso*, 255 N. Y. 463; *Board of Comrs. of Excise, etc.*, v. *Merchant*, 103 id. 143; *Matter of Peck* v. *Cargill*, 167 id. 395; *People* v. *Hoch*, 150 id. 309; *People* v. *Courtney*, 94 id. 493, 494; 2 Hale P. C. 289; *People* v. *Galbo*, 218 N. Y. 283, at p. 291.)

The orders herein should be reversed and the writs sustained.

RHODES, McNAMEE and CRAPSER, JJ., concur in decision, with memorandums by both RHODES and McNAMEE, JJ.; HILL, P. J., and BLISS, J., dissent on the following ground: We are unable to say that an automobile wherein a pistol is found is not so closely allied with present day criminality and criminal methods that the Legislature may not enact as an evidentiary rule that a presumption of possession arises against a person riding in an automobile so equipped.

Orders dismissing the writs of habeas corpus reversed on the law, writs sustained, and defendants discharged.