THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* THOMAS FRANCIS KEARNS, Defendant.

City Magistrates' Court of New York, Traffic Court, Borough of Manhattan, June 24, 1938.

*Ambrose J. Haddock* and *Louis L. Stutman, Attorneys for the Legal Bureau of the New York Police Department,* for the plaintiff.

*James V. Lione,* for the defendant.

AURELIO, C. M.   Acting under authority of section 435 of the New York City Charter, the police commissioner of this city has adopted certain traffic regulations for the conduct of pedestrian and vehicular traffic in the use of the public streets.  Section 79 of these regulations reads as follows:

"Advertising Vehicles.   No advertising trucks, vans or wagons or motor vehicles shall be allowed in the streets; provided that nothing herein contained shall prevent the putting of business notices upon delivery business wagons, so long as such wagons are engaged in the usual business or regular work of the owner, and not used merely or mainly for advertising."

The complaint herein charges that on the 22d day of April, 1938, the defendant operated a motor truck at Forty-fifth street and Madison avenue, this county, and affixed to the right side thereof, from front to rear, was a sign advertising " Wrigley Spearmint Gum," said truck being owned by the superintendent of the American Railway Express Company, and used in the business of the said express company, and said express company being in no wise engaged in the business of manufacturing or selling " Wrigley Spearmint Gum."

Defendant contends (1) that the question is *stare decisis*, a similar complaint having been dismissed by another magistrate in 1932.   It seems that the defendant has not been molested since that time; (2) that section 79 of the Traffic Regulations is invalid because it is an improper exercise of the police commissioner's authority.

The first point is without merit.  Suffice it to say that a decision of a court of equal jurisdiction is not controlling.  The magistrate in that case, which was a prosecution under the same section, then contained in the Code of Ordinances (Chap. 24, art. 3, § 30), held that the express trucks used were not " advertising trucks." He said, " In other words, it is not the sort of truck designed for advertising.   It is a truck designed for carrying merchandise, and that happened to carry advertising."   I cannot agree with this ruling.   In my opinion, the truck does not have to be of any particular design.   If the truck, in addition to being used in the usual business or regular work of the owner, also displays advertisements of others, it becomes an advertising truck within the meaning of this traffic regulation.

As to the second point, one might easily jump to the conclusion that the point is well taken, but a careful study of the situation will reveal otherwise.

The power of the police commissioner to make traffic regulations cannot be questioned.   Such right was upheld in *Cherubino* v. *Meenan* (253 N. Y. 462).

A similar provision of the Code of Ordinances (Chap. 2, art. 4, part 2, § 41) was upheld by the Court of Appeals in 1909 in *Fifth Avenue Coach Co.* v. *City of New York* (194 N. Y. 19; affd., 221 U. S. 467). In that case the Fifth Avenue Coach Company was threatened with prosecution for a violation of the ordinance, and an injunction was sought to enjoin the city from enforcing it. The injunction was denied. The defendant herein seeks to distinguish that case from the one at bar by pointing out that the Fifth Avenue Coach Company had a franchise to operate a line of stages on Fifth avenue, this city, to transport passengers, therefore it had no right to put advertising matter on the outside of its stages, especially extravagant and gaudy signs which had the effect of marring the beauty of the principal boulevard of our city, as the court stated in its opinion. Defendant contends that these express trucks are not allowed to use Fifth avenue or any of the other thoroughfares restricted to passenger automobiles only, and the carrying of the advertisements by the express company's vehicles is directly related to its business as a common carrier. It is conceded that the express company does the trucking for the William Wrigley, Jr., Company for a consideration, but does not use its trucks exclusively for it.

Of course, the court in the *Fifth Avenue Coach Co.* case was dealing with a city ordinance passed by the board of aldermen, a municipal legislative body, as distinguished from a regulation made by the head of a department with specifically limited power, and while the court found that the signs were " extravagant and gaudy in appearance," marring the beauty of Fifth avenue, and that the carrying of advertisements was not a necessary or essential incident to the franchise rights of the coach company and in no way related to its business of carrying passengers for hire, still I feel that the ordinance was sustained mainly as a proper exercise of the police power of the State to regulate advertising matter on vehicles using the public streets. It follows, then, that the ordinance was found to be nothing more than a traffic regulation. This must be so when the following significant language by the court is noted: " It appears that the right to display garish advertisements in conspicuous places has become a source of large revenue. If the plaintiff can cover the whole or a large part of the exterior of its stages with advertisements for hire, delivery wagons engaged by the owners in their usual business or regular work can rightfully be covered with similar advertisements. Cars and vehicles of many descriptions, although not engaged exclusively in advertising and thus not incumbering the streets exclusively for advertising purposes, may be used for a similar purpose. The extent and detail

of such advertisements when left wholly within the control of those contracting therefor would make such stages, wagons or cars a parade or show for the display of advertisements which would clearly tend to produce congestion upon the streets upon which they were driven or propelled. The exaggerated and gaudy display of advertisements by the plaintiff is for the express purpose of attracting and claiming the attention of the people upon the streets through which the stages are propelled."

In my opinion, the defendant cannot wriggle out of the provisions of this traffic regulation (§ 79). It is true that " Wrigley's Spearmint Gum " signs carried by defendant are not offensive in any way, but that is not the test. The Court of Appeals has said that such vehicles " would clearly tend to produce congestion upon the streets upon which they were driven or propelled." Possible street congestion, then, is the reason for the regulation.

The defendant is found guilty.