THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* OSCAR PINDER and Others, Defendants.

Supreme Court, Queens County, December 23, 1938.

*Charles P. Sullivan, District Attorney* [*John H. W. Krogmann, Assistant District Attorney*, of counsel], for the plaintiff.

*R. Harold Paltrow*, for the defendants.

NOVA, J. By a writ of habeas corpus the defendants Oscar Pinder and Joseph Herbert seek to test the legality of their restraint by reason of an arrest on December 18, 1938, in front of premises 133-24 Bradford avenue, Flushing, Queens county, N. Y., when at three A. M. of that day Pinder was the operator and owner of the parked automobile and Herbert sat next to him. In the rear the two other defendants were seated. In the rear right side of the automobile, underneath a rug, the complainant police officer found a .32 calibre gun, with three loaded shells. None of the occupants of the car said they knew anything about the gun.

These two defendants were held for trial in the Court of Special Sessions, Queens county, by the magistrate after preliminary hearing.

Defendants' argument is based upon the case of *People ex rel. Dixon* v. *Lewis* (249 App. Div. 464).

The information against these two defendants charges a violation of section 1898-a of the Penal Law, a misdemeanor (these defendants not having been previously convicted of any crime).

The case hereinabove cited was affirmed by the Court of Appeals (276 N. Y. 613). But the Court of Appeals did not pass upon the constitutionality of section 1898-a of the Penal Law. The Court of Appeals merely held that the information failed to state a crime. It did not charge a violation of section 1897 of the Penal Law. And so in the present case there is no charge of a violation of section 1897 of the Penal Law.

Section 1898-a of the Penal Law provides that " The presence in an automobile, other than a public omnibus, of * * * a pistol * * * shall be presumptive evidence of its illegal possession by all the persons found in such automobile at the time such weapon, * * * is found."

Section 1897 of the Penal Law provides that the unlawful possession of a revolver by any person over sixteen years of age shall constitute a misdemeanor.

The argument of the defendants or relators is well taken. The Legislature has no power to create the presumption defined in section 1898-a of the Penal Law.

The Constitutions both of the United States and of the sovereign State of New York provide that an accused may only be convicted in accordance with due process of law, and under due process of law an accused is not required to establish his innocence, but the People are required to establish his guilt. (Code Crim. Proc. §§ 389, 393.) The guilt of the accused must be established beyond a reasonable doubt, which simply means that the facts proven must, by virtue of their probative force, establish his guilt. (5 Wigmore on Evidence [2d ed.], p. 464.)

Mere legislative fiat may not take the place of fact in the determination of issues involving life, liberty and property. (*Manley* v. *State of Georgia*, 279 U. S. 1.)

Under this statute it would be possible to convict the defendants upon proof of the facts enumerated in the section (Penal Law, § 1898-a), and thus their conviction could be brought about, not upon valid proof, but merely upon a dictated, made-to-order presumption.

The ultimate fact to be established here is illegal possession of a gun. The fact *proven* would be merely the legislative presumption. There would be no actual proof. There is no reasonable connection between the presumption and the illegal possession sought to be proved. Under our law the *corpus delicti* must be proved; here it is presumed. Under section 1897 of the Penal

Law the crime is unlawful possession. Under section 1898-a of the Penal Law that possession is not proved; it is presumed. The Legislature has no power to declare one guilty of a crime; that is the function of the court after due proof. It is unconstitutional for the Legislature to presume the guilt of the accused. Under this section there is nothing against which to defend, because no crime has been *proved.*

The writs are sustained and the relators are discharged from custody.