THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALEXANDER BURT, JR., OSCAR PINDER and JOSEPH HERBERT, Defendants.

County Court, Queens County, March 18, 1939.

*Charles P. Sullivan, District Attorney* [*Martin Schwaeber* of counsel], for the plaintiff.

*J. Robert Glover*, for the defendant Burt.

*R. Harold Paltrow*, for the defendants Pinder and Herbert.

COLDEN, J. The defendant Oscar Pinder previously obtained an inspection of the grand jury minutes under an order of the Supreme Court, the indictment having been found by a Supreme Court

grand jury, and now brings this motion to dismiss the indictment on the ground that the evidence adduced before the grand jury does not constitute a crime and upon the further ground that illegal and improper evidence was adduced before the grand jury.

An examination of the minutes of the grand jury discloses that at about three o'clock in the morning of December 18, 1938, a police officer in the city of New York observed this defendant and the two other defendants along with another man not now a defendant in this case in an automobile in front of the premises No. 133-23 Bradford avenue, Flushing, county of Queens. The police officer inquired as to what the defendants were doing and the operator of the car said: " I am waiting for a man named Brown, but I don't think he'll show up." The police officer found on the floor of the car a revolver containing three loaded shells and two empty chambers. The revolver was under a rug or blanket. Each of the defendants denied ownership of the revolver. No explanation was given by any of the defendants with reference to the revolver, and one of the defendants denied that he knew it was there.

Previous to this indictment the defendants Pinder and Herbert were held by a city magistrate for trial in the Court of Special Sessions on an information charging them with a violation of section 1898-a of the Penal Law.

Thereafter the defendants Pinder and Herbert brought a writ of habeas corpus to test the legality of their restraint, and the writ was sustained at Special Term of the Supreme Court, Queens county, upon the authority of the case of *People ex rel. Dixon* v. *Lewis* (249 App. Div. 464; affd., 276 N. Y. 613), wherein it was held that section 1898-a of the Penal Law is unconstitutional. On appeal the Court of Appeals affirmed the order of the Appellate Division, but not upon the question of the constitutionality of section 1898-a of the Penal Law, but for the reason that the information did not charge a violation of section 1897, that is to say, that the information failed to state a crime. The information which was passed upon at Special Term, Queens county, was similarly defective. (See *People* v. *Pinder*, 170 Misc. 345.)

The indictment now under consideration before this court does properly charge a violation of section 1897 of the Penal Law, and the question is as to whether or not the evidence before the grand jury is sufficient to sustain the finding of the indictment. Upon the argument the district attorney stated without equivocation that the People relied upon the provisions of section 1898-a of the Penal Law and contend that such section is constitutional notwithstanding the decision in the case of *People ex rel. Dixon* v. *Lewis* (*supra*). Section 1898-a provides, in so far as is applicable to this

case, as follows: " The presence in an automobile, other than a public omnibus, of any of the following weapons, instruments or appliances: viz., a pistol, a machine gun, a sub-machine gun, a sawed-off shotgun, a blackjack, a sling-shot, billy, sand-club, metal knuckles, bludgeon, dagger, dirk, stilleto, bomb or silencer shall be presumptive evidence of its illegal possession by all the persons found in such automobile at the time such weapon, instrument or appliance is found."

It may be of more than passing interest to observe that upon the same day upon which our Court of Appeals decided the case of *People ex rel. Dixon* v. *Lewis* (*supra*), January 4, 1938, in which that court expressly stated, " We do not, however, pass upon the constitutionality of section 1898-a of the Penal Law for the reason that the question cannot be reached on this appeal," that court also decided the case of *People* v. *Murphy* (276 N. Y. 612), in which the Court of Appeals affirmed, without opinion, the conviction of several defendants for feloniously having in their possession on March 16, 1936, a machine gun in violation of subdivision 1-a of section 1897 of the Penal Law. That section provides, among other things, that " the presence of such machine gun in any room, dwelling, structure or vehicle shall be presumptive evidence of its illegal possession by all the persons occupying the place where such machine gun is found." The defendants in that case lived in a rooming house in Manhattan which was raided by the police, and during an examination of the premises there was found in a closet in the hall on the top floor a locked safe which, when opened, was found to contain a quantity of weapons and ammunition, including four machine guns, one of which was the subject of the indictment. The defendants were convicted and appealed, and, as has been stated, their conviction was affirmed by the Court of Appeals without opinion.

There has been made available to this court, through the courtesy of the office of the district attorney of New York county, the record on appeal, and that record discloses that the claim of the unconstitutionality of subdivision 1-a of section 1897 of the Penal Law was very vigorously pressed upon the appeal, and on the part of the district attorney an equally vigorous argument to sustain the constitutionality was offered. True it is that the Court of Appeals did not expressly pass upon the question, but, nevertheless, that court affirmed the conviction upon a record which shows that the matter was definitely before the court.

An examination of the grand jury minutes indicates that the defendant Burt has been twice previously convicted of crimes committed by him. Those who are familiar with the manner under which crimes are committed with the aid and use of automobiles

within our city of New York know only too well the menace created by those who cruise throughout our city in automobiles and equipped with firearms for which they hold no license from any qualified authority. Certain it is that when four men are found in an automobile at three o'clock in the morning under circumstances for which no reasonable explanation is given, one of them having a criminal record, and on the floor of the car a loaded revolver, it does not appeal to this court as being harsh or unconstitutional for the law to say that such weapon is presumed to be in the illegal possession of the persons found in the automobile at the time the weapon was found there.

The similarity in the wording of subdivision 1-a of section 1897 of the Penal Law, referred to in the case of *People* v. *Murphy* (*supra*), the alleged unconstitutionality of which was pressed before the Court of Appeals, and the wording of section 1898-a of the Penal Law is self-evident and leads inevitably to the conclusion that, until our highest court shall hold otherwise, the law passed by our Legislature shall be deemed constitutional. Except in cases of unusual circumstances, courts of first instance should presume the constitutionality of the acts of the Legislature, and particularly so where such acts have impliedly at least met with the approval of our highest court.

Much has been made of the proposition that section 1898-a of the Penal Law places upon the accused the burden of giving an explanation to rebut the presumption raised by the statute. There is nothing new or novel about such a situations. As is said in Underhill's Criminal Evidence ([4th ed.] § 625, p. 1212): " It may usually be shown that burglar's tools were found on the person of the accused, in his dwelling, in a trunk shown to be his, or in his constructive possession and control at or about the time of his arrest, particularly where it is shown that such tools were used in the perpetration of the crime." And at page 1215 of the same volume of Underhill's Criminal Evidence will be found this statement: " It has been held that a person in whose possession money or goods are found, recently taken from premises which have been broken in, *is presumed from possession alone as matter of law, at least in the absence of a valid explanation, to be guilty not only of larceny, but of the burglary as well.*" (Italics mine.) And, again, in the same volume of Underhill's Criminal Evidence (at p. 1291) we find this statement: " If, however, it is proved to the satisfaction of the jury that the accused had forged notes in his possession, with the plates or other instruments used in forging them, a *prima facie* case is made out against him. Such facts, unexplained, may create as strong a presumption that the person in whose possession they were found is the actual forger, as the possession of stolen

goods creates a presumption that the one in whose possession they are found is the actual thief. Both presumptions may be repelled by proof, but, *in the absence of any explanation*, the inference may be as strong in the one case as in the other. So, also, there is a presumption of guilt as forger or accessory from the fact of possession of a forged instrument and uttering or seeking to utter it or to otherwise profit by it, without reasonable explanation of its acquisition." (Italics mine.) And, again, in this same authority, in dealing with the question of intoxicating liquors in violation of the prohibition statutes, we find (at p. 1440): " but the finding of intoxicating liquor in a house or automobile in which he had possession and over which he had control creates a rebuttable presumption that the possession was his and presents a question of fact for the jury and not for the Court."

The Legislature, by section 1898-a of the Penal Law, has endeavored to protect the decent people of our city and our State. It cannot be sensibly conceived that an unfair or harsh burden is placed upon those in whose cars dangerous weapons are found by placing upon them the responsibility of making an explanation regarding the presence of dangerous weapons in their cars. As has been shown above, our law places such a burden upon those in whose possession are found stolen goods, burglar's tools, proceeds of larceny, intoxicating liquors, and the like, yet the possession of none of those articles presents the menace to the lives and safety of our people as does the presence of revolvers and machine guns in automobiles. Certain it is that if section 1898-a of the Penal Law be held to be unconstitutional, the gunmen, gangsters, stick-up men and their like may accept such a holding as an invitation for them to continue their pursuits with the aid of automobiles fully equipped with revolvers, machine guns and the like, with perfect immunity so far as such possession is concerned provided they take the precaution to place such weapons on the floors of their cars or in convenient holsters or receptacles attached to the cars, and, so long as such weapons were not in the manual possession of the occupants of the cars or concealed in their clothing, any action against such occupants would be fruitless upon such a state of facts. Indeed, it may be well that a police officer making an arrest under such circumstances would do so at his peril, for, if this section be held to be unconstitutional, the charge of possession could not lie against the occupants of a car so armed and equipped.

This court believes that public policy and common sense dictate that section 1898-a of the Penal Law shall be deemed to be constitutional until our highest court decides otherwise, if it ever does, and such is the decision made herein. The motion is denied. Submit order.