THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FELIX ADAMKIEWICZ, Appellant.

Argued June 7, 1948; decided July 16, 1948.

J. *Howard Rossbach, Martin Erdmann* and *Martin V. Callagy* for appellant. I. As a matter of law, the evidence was insufficient to sustain a finding that appellant was guilty beyond a reasonable doubt. II. The court below erred in its application of the statutes involved. (*People* v. *Glassman,* 255 App. Div. 997; *People* v. *Razczicz,* 206 N. Y. 249; *People* v. *Fitzgerald,* 156 N. Y. 253.) III. The court below erred in construing the Penal Law so as to make criminal the possession of a tool or household utensil. Possession of a tool or a utensil is a normal occurrence, and a statute which attempts to make such normal conduct unlawful must be clear and definite — otherwise the statute would be too uncertain to be sustained. Acts otherwise innocent and lawful do not become criminal unless there is a clear and positive expression of the legislative intent to make them criminal. (*People* v. *Benc,* 288 N. Y. 318; *People* v. *Shakun,* 251 N. Y. 107; *People* v. *O'Gorman,* 274 N. Y. 284.) IV. The Legislature did not intend to extend the presumption of unlawful intent through possession to utensils such as ice picks. (*People* v. *Panitz,* 251 App. Div. 276; *People ex rel. Dixon* v. *Lewis,* 249 App. Div. 464.)

*Frank S. Hogan, District Attorney* (*Edward T. Perry* and *Whitman Knapp* of counsel), for respondent. Defendant was properly convicted of unlawfully possessing and carrying a weapon. (*People* v. *Panitz,* 251 App. Div. 276; *People* v. *McPherson,* 220 N. Y. 123; *People* v. *Visarities,* 220 App. Div. 657; *People* v. *Glassman,* 255 App. Div. 997; *People* v. *Quintana,* 260 App. Div. 13.)

Dye, J. This appeal by permission brings up for review the applicability of section 1897 of the Penal Law to appliances or instruments not mentioned therein and which may be innocently carried or possessed as an article, instrument or tool of ordinary use and yet by their very size, nature and inherently dangerous and lethal characteristics, may be concealed on the person and capable of inflicting great bodily harm when used unlawfully against another. Because the statute makes unlawful intent a necessary element of the crime, we desire to comment on whether such unlawful intent may be presumed from possession (Penal Law, § 1898) or must be established beyond a reasonable doubt by competent proof. The dangerous weapon, for possession of which conviction was had in the instant case, was an ordinary ice pick, an item not included among those mentioned in the statute which we note fall into two categories, one of which enumerates certain specified items by name, viz., a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, bludgeon, possession of which constitutes a crime without more, as unlawful intent is presumed (Penal Law, § 1898). The other category mentions a variety of enumerated items such as a " dagger, dirk, dangerous knife, razor, stilletto, imitation pistol, machine-gun, sawed off shot-gun," and in addition, includes " any other dangerous or deadly instrument, or weapon " (Penal Law, § 1897, subd. 1). An ice pick then, if it is to be regarded as covered by the statute must fall into that group generally designated as " any other dangerous * * * weapon " because of its obviously inherent dangerous and lethal character. The applicability of the statute to such type of instruments, tools or weapons has been accompanied with some confusion, it having been ruled in *People* v. *Panitz* (251 App. Div. 276), that possession of a bayonet which accused sought to explain by claiming that it was an antique which he intended to use for a fireplace mantel decoration was held to be within the statutory definition and that intent to use unlawfully could be presumed from its possession. In *People* v. *Glassman* (255 App. Div. 997), a conviction for carrying and possessing an ice pick under section 1897 was reversed for lack of proof of unlawful intent beyond reasonable doubt although the court said it assumed but did not decide that an ice pick was a dangerous weapon within the meaning of the statute.

We conclude that the statute is broad enough, under the rule of *ejusdem generis* in statutory construction and interpretation, to include an ice pick (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 239). This is not seriously disputed by the appellant who contends that the necessary accompanying element of intent to use unlawfully against another was not established beyond a reasonable doubt. If the instrumentality or weapon possessed is one of those specifically mentioned in the statute, then such intent is presumed from possession without more (Penal Law, § 1898) and this applies to items which ordinarily and readily fall within the group of items so specified. To illustrate: in *People* v. *McPherson* (220 N. Y. 123), we held that the question whether a portion of a boy's baseball club concealed on the person of the accused was a bludgeon within the meaning of the statute was properly submitted to the jury and that there was evidence to support its verdict.

Having concluded that an ice pick is a dangerous weapon within the generality of the statute, we must also conclude that the Legislature intended by the language used to indicate that intent to use the same unlawfully against another is a necessary ingredient which must be established in order to constitute the crime. Viewing the matter in this light something more than mere possession was required to support a conviction for violation. To apply the statutory presumption to the possession of a tool of everyday use violates the spirit and intent of enforcement procedure. Acts otherwise innocent and lawful do not become criminal unless there is a clear and positive expression of legislative intent to make them criminal (*People* v. *Benc,* 288 N. Y. 318; *People* v. *Shakun,* 251 N. Y. 107; *People* v. *O'Gorman,* 274 N. Y. 284). It seems clear therefore, that when the Legislature specifically designated certain instruments and weapons (Penal Law, § 1897) and then provided that " the possession * * * of any of the weapons, instruments or appliances specified in section eighteen hundred and ninety-seven * * * is presumptive evidence of carrying, concealing or possessing with intent to use the same in violation of this article ", (Penal Law, § 1898) they intended to thereby limit the applicability of the presumption to posses-

sion of those specified and such others as naturally fall into the same grouping; and that to constitute a crime for possessing those instruments or weapons falling within the generality of the statute there must be proof of an intent to use the same unlawfully against another. Under this view, the presumption of section 1898 is not available to the People in this instance.

Let us now pass to the proof to see whether it is sufficient to support the conviction.

What remains of a very thin record after giving effect to proper objections and motion to strike improper testimony shows that about midnight April 15, 1947, the defendant-appellant and an unnamed companion went to the apartment of Jose Manuel Oler, the complaining witness, who testified that he heard a knock on his door and a voice saying: "A friend of yours is at the door. Open." He opened the door and the defendant and his companion both of whom he knew, pushed their way into his apartment. There was some conversation in Spanish between the witness and the defendant's companion which after objection was stricken out, as it was conceded that the defendant did not understand Spanish and took no part in the conversation. The witness then was allowed to testify that he ordered them to leave and when they failed to do so, ran to a nearby table, snatched up a bread knife and held it up against the two boys. He then took the ice pick from the sheath attached to defendant's belt. This witness also testified that the defendant throughout the incident, made no threats nor threatening gesture nor did he say or do anything to indicate an intent to use the ice pick to inflict bodily harm, nor did he make any attempt to use it.

In the meantime the wife of the complaining witness fled from the apartment for assistance. The superintendent of the building arrived in a few minutes and testified that the defendant and his companion were sitting in chairs while Oler was standing in the middle of the floor; that he saw an ice pick lying on a dresser and an ice-pick sheath attached to defendant's belt and that all conversation carried on between Oler and the unnamed Cuban boy was in Spanish; that during this time the defendant sat quietly in a chair. The police officer who made the arrest testified that on the following day the defendant told him that "there had been trouble in the apartment the night

before " and that " he had come back to settle with Oler for the night before "; that he freely admitted the ownership of the ice pick and explained that he used it in his work as an iceman, the truth of which was verified, and that he had no intention to use it on the man nor had he made any attempt to do so. The police officer admitted on cross-examination that he did not see the defendant have the ice pick or make any attempt to use it.

The sufficiency of the proof of intent to use unlawfully must depend on the inference to be drawn from the midnight visit, the pushing in of the door after it had been voluntarily opened by the complaining witness and the defendant's subsequent statement to the police officer that he went there to settle for the night before. There is nothing else such as threats, threatening gestures or conduct indicating intent to use the ice pick. Possession of the ice pick was originally innocent and permissible as an article of use in a recognized trade. Was this possession translated into a crime by the above meager evidence to show unlawful intent? We think not, as it fails to support the burden of proof. In the instant case the ice pick was not concealed but was being carried openly in a sheath attached to the defendant's belt, which is the normal and everyday manner of carrying such tool by an iceman in pursuit of his occupation. In any event the statutory presumption is subject to rebuttal and all the proof of the surrounding facts and circumstances lead to the conclusion that the statutory presumption, if it was ever available, has been rebutted and that the People failed to sustain their burden of proving intent to use unlawfully beyond a reasonable doubt.

The judgments should be reversed and the information dismissed.

LOUGHRAN, Ch. J., LEWIS, DESMOND, THACHER and FULD, JJ., concur; CONWAY, J., taking no part.

Judgments reversed, etc.