■ HILDA KREGER, Respondent, v. JOSEPH KREGER et al., Appellants.— In an action by a wife for a judgment declaring her marital status and for other relief, the appeal is from an order (1) denying appellants' motion to compel respondent to make the complaint more definite and certain and (2) granting respondent's cross motion for a counsel fee. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID MECHANIC, Appellant.— Appeal (1) from a judgment of the County Court, Queens County, convicting appellant after trial of violating section 1293-d of the Penal Law and sentencing him to serve from two and one-half to five years, (2) from each and every intermediate order therein made, and (3) from said sentence. Judgment reversed on the law and the facts and indictment dismissed. The evidence adduced was insufficient to establish, beyond a reasonable doubt, that appellant was acting in concert with, or aiding and abetting, his codefendants or either of them in the activities which were the subject of the indictment against them, or that he had in his possession any token, slug or other device intended or calculated to be deposited in or used in the operation of a vending machine, with intent to cheat or defraud. The intent which the statute makes a necessary element of the crime defined was not established by proof of unlawful activities of a codefendant, not in appellant's presence, or by the fact that he was in such codefendant's company before and after the commission of such unlawful acts. Neither was it established that he possessed or had knowledge of the possession by others, in the automobile of which he was an occupant, of articles intended to be used for unlawful purposes. With respect to the disks found on his person, which concededly were legitimate articles of trade, such possession alone was not sufficient to prove either intent to use them in coin-operated devices or to cheat or defraud anyone by such use (cf. *People* v. *Adamkiewicz*, 298 N. Y. 176, 179–180). No separate appeal lies from the intermediate orders or the sentence, which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Wenzel and Hallinan, JJ., concur; Beldock and Murphy, JJ., dissent and vote to affirm, with the following memorandum: It is true that proof of appellant's possession of the disks, standing alone, is insufficient to establish an intent to use them unlawfully, that is, with the intent to cheat or defraud, and that, in the absence of proof of such intent, appellant cannot be held guilty of violating section 1293-d of the Penal Law (cf. *People* v. *Adamkiewicz*, 298 N. Y. 176, 179–180). But here, on the basis of the proof in this record, the jury was amply warranted in finding such an unlawful intent to cheat or defraud. Indeed, it is an irresistible inference which flows almost naturally from the chain of the surrounding facts and circumstances. In our opinoin, the proof established beyond a reasonable doubt that appellant was in fact acting in concert with his codefendants, and that he was acting as the lookout and driver for them in an organized and concerted scheme by all of them to extract merchandise from vending machines by depositing therein slugs of the kind found in appellant's possession, that is, found both on his person and in the car he was driving. And, in our opinion, the jury had every

right to make such a finding on the basis of all the facts adduced. This court, by reversing the judgment, is in effect rejecting the inference of unlawful intent properly found by the jury on all the facts and substituting its own inference.