James E. Carroll, Jr.,
Acting Judge. The defendant has moved to dismiss the information accusing him of violating section 986-b of the Penal Law upon the grounds that said section is unconstitutional for the following reasons:
(a) The statute, in question, is too vague and indefinite to prescribe a crime, and
(b) The presumption created by the statute violates the constiutional requirement of due process of law.
The section in question reads: ‘ ‘ Amy person other than a peace officer in the performance of his duty as such, who shall knowingly have possession of any writing, paper or document representing or being a record, made by a person engaged in book-making or pool-selling, of a bet or wager upon the result of any trials or contests of skill, speed or power of endurance of man or beast or upon the result of any political nomination, appointment or election or upon any lot, chance, casualty, or unknown or contingent event whatsoever shall be guilty of a misdemecmor. Proof of the possession of emy ivriting, paper or document of the kind mentioned herein is presumptive evidence of possession thereof knowingly.’’ (Emphasis by the court.)
The defendant contests the constitutionality of the statute because the language “ who shall knowingly have possession ” is too uncertain and vague to define a crime and he inquires: does the word “ knowingly ” mean to knowingly possess a *941 memorandum of a bet which is known to the holder to be a memorandum of a book-maker’s wager and he further queries whether it be unlawful for a person to possess a memorandum of a bet made, and payable, in a jurisdiction where gambling is legitimate. He objects specifically: that the constitutionality of a statute is to be determined not by what has been done, which considered a violation of the statute, but what may be done, and be considered criminal by virtue of its authority (Colon v. Lisk, 153 N. Y. 188,194.)
The defendant further contends that the statute does not specify whether it applies to the occasional bettor (“ horse-player ”) and, therefore, it should be held applicable only to the professional gambler (“ bookie ”).
Before progressing further, it is advisable to bear in mind that there is a presumption of constitutionality in favor of a statute. (People v. West, 106 N. Y. 293, 295; People v. Borgstrom, 178 N. Y. 254, 262) and that the Legislature was mindful of its constitutional limitations (People v. American Socialist Soc., 202 App. Div. 640). It is the duty of the courts to adopt a construction of a statute that will bring it into harmony with the Constitution and with the legislative intent (People v. Binge, 197 N. Y. 143, 150; Matthews v. Matthews, 240 N. Y. 28, 34-35; Dollar Co. v. Canadian Car & Foundry Co., 220 N. Y. 270, 275-276; Broderick v. Weinsier, 161 Misc. 820, revd. on other grounds 253 App. Div. 213; People v. Barber, 289 N. Y. 378).
The courts have had no difficulty with the similar language of section 974 of the Penal Law (People v. Crawford, 25 N. Y. S. 2d, 259; People v. Revolta, 162 Misc. 555).
The word “ knowingly ” signifies more than mere carelessness but guilty knowledge or evil or fraudulent intent (People v. McHugh, 271 App. Div. 135; People v. Moore, 142 App. Div. 402; People v. Ahrend Co., 308 N. Y. 112,115). The information before this court alleges that the defendant acted, among other things, “ willfully That allegation sufficiently charges that he acted knowingly and intentionally (People v. Shapiro 6 A D 2d 271, 273; People v. Shapiro 4 N Y 2d 597-600).
We will dispense with the defendant’s objection that the language of the statute encompasses lawful acts by citing the maxim that: acts within the letter, but not within the intent of the statute are not prohibited but are impliedly exempted (Alexandre v. Westchester Newspapers, 169 Misc. 398).
We are now obliged to consider whether this statute contemplated making the occasional horse-player and pool-player guilty of a misdemeanor. Governor Rockefeller’s message of April 12,1960 (N. Y. Legis. Annual, 1960, pp. 513 et seq.) states *942 that the earnings derived from the number games and illegal book-making are used by organized criminals to promote narcotic traffic, prostitution and the corruption of public officials. The inference to be drawn from the Governor’s message is that book-making and pool-selling is evil, not because gambling is offensive to morals, but because it is the primary source of revenue of organized crime.
It would appear that a goodly portion of the citizenry are not in accord with the Governor and consider the activities of their “ bookie ” and “ number man ” innocuous and heartily support his activities by participating in illegal bets.
Book-making and pool-selling are not unilateral activities. The citizen gambler is in pari-delicto with the professional gambler. The statute commences “ Any person ”, etc.
Governor Rockefeller’s message implies that the legislative intent was to make the horse and number player guilty of a misdemeanor even though they did not make their living by gambling and were an occasional bettor.
‘£ The first of the two bills aimed at illegal gambling creates a misdemeanor of possessing bookmaking records. * * *
In addition, the bill creates two felonies aimed at the professional criminals who organize and profit from gambling syndicates ” (pp. 514-515) (see, also, People v. Crawford, 25 N. Y. S. 2d 259).
If the citizen gambler finds this law too harsh, it should be remembered that he has his redress at the election polls.
The second objection of the defendant, i.e., that the presumption created by the statute violates the constitutional requirement of due process of law, in this court’s opinion, deserves attention. We are cognizant of the fact that gambling promoted by criminals is an evil. The Legislature, in its desire to suppress organized crime, has prepared section 986-b of the Penal Law with its innovation of establishing guilt by presumption, instead of by proof. This statutory presumption seriously threatens the time-honored presumption of innocence as we know it in our jurisprudence.
We have to decide whether the anticipated eradication of the professional gambler, by the artifice of the statutory presumption, is justification for the diminution of our historic presumption of innocence, which each and every citizen now fully and unequivocally is entitled to. If we can, in good conscience answer this question in the affirmative, we then have to ask ourselves when and where does the deterioration of the presumption of innocence cease, if ever.
*943 It is, perhaps, unfortunate that the 11 presumption of innocence ” is loosely referred to by the Judiciary and the Bar as a “ presumption ”; it is all of that and more. We can ascribe our present difficulties in some measure to the repeated reference to this historic right as a “ presumption ”.
A defendant is presumed innocent until a contrary verdict is rendered (People v. Razezics, 206 N. Y. 249). The “ presumption ” of innocence is a substantive right and not a procedural or evidentiary rule (People ex rel. Natoli v. Lewis, 262 App. Div. 347, revd. on other grounds 287 N. Y. 478). A criminal law presumption attaches definite probative value to a specific act (People v. Hildebrandt, 308 N. Y. 397). Where there are two conflicting presumptions, the stronger one will prevail, viz.: presumption of innocence outweighing the presumption against suicide (People v. Creasy, 236 N. Y. 205). The insertion of the statutory presumption in section 986-b (making possession of a written memorandum of a bet equivalent to guilt) presupposes that the “ presumption of innocence ” is of a statutory origin and deals with matters purely procedural or evidentiary in nature.
Section 14 of article I of the New York State Constitution assures us the equivalent rights provided for in the Federal Constitution, Amendments Y and XIY (“ due process of law ” clause). The presumption of innocence expressed in section 389 of the Code of Criminal Procedure is nothing more than a recantation of the common-law right belonging to every citizen. It is not derived (as the framers of this statute must have supposed) by virtue of a magnanimous legislative fiat.
It ought to be pointed out anew that the Legislature cannot give us that which is already ours by birthright, and that which has been insured by our Federal and State Constitutions.
The ultimate fact to be established here is ‘ ‘ knowingly ’ ’ having “ possession of any writing * * * being a record, made by a person engaged in book-making * * * of a bet”. ‘1 The fact proven would be merely the legislative presumption. There would be no actual proof. There is no reasonable connection between the presumption and the illegal possession sought to be proved. Under our law the corpus delecti must be proved. Here it is presumed. The legislature has no power to declare one guilty of a crime; that is the function of the Court, after due proof. It is unconstitutional for the legislature to presume the guilt of the accused ” (People v. Pinder, 170 Misc. 345, 346-347; see, also, Bailey v. Alabama, 219 U. S. 219, 239; People v. Cannon, 139 N. Y. 32, 43; Western & Atlantic R. R. v.
*944 Henderson, 279 U. S. 639; People v. Nangapareet, 29 Misc 2d 984).
This court specifically holds that the presumption sought to be created in section 986-b is unconstitutional in that it attempts to convict a citizen without due process of law; to hold the presumption attempted to be created in said section valid would require an accused to establish his innocence instead of the People proving his guilt (People v. Pinder, 170 Misc. 345, 346).
Where one part of a legislative enactment is unconstitutional, it does not necessarily invalidate the entire act. (Purdy v. Erie R. R. Co., 162 N. Y. 42; Bell v. Niewahner, 54 App. Div. 530; People ex rel. Holmes v. Lane, 53 App. Div. 531.) A statute may be unconstitutional in one part and valid in another {People v. Mancuso, 255 N. Y. 463; People ex rel. Fowler v. Bull, 46 N. Y. 57). As previously indicated herein, it is the court’s opinion that the presumption attempted to be created by the last sentence of section 986-b of the Penal Law by the words ‘ ‘ proof of the possession of any writing, paper or document of the kind mentioned herein is presumptive evidence of possession thereof knowingly ” is unconstitutional, and only that portion of the statute is unconstitutional and unlawful, and that portion preceding it is constitutional and lawful.
The “ guilty knowledge ”, like any other fact may be shown by proof of circumstances from which knowledge may be inferred {People v. Shapiro, 6 A D 2d 271, 273 and cases cited therein). The lawful portion of the statute is enforcible by the conventional means of proof and evidence presently available under our laws.
The court directs that the defendant be tried upon the information filed herein and for the law of this case rules that the presumption attempted to be created by the last sentence of section 986-b of the Penal Law is a nullity.