Felice CASSESSE, Petitioner,

v.

The PEOPLE OF the STATE OF NEW
YORK, Respondent.

No. 81 C 3789.

United States District Court,
E. D. New York.

Jan. 22, 1982.

Spiros A. Tsimbinos, Kew Gardens, N. Y.,
for petitioner.

John J. Santucci, Dist. Atty., Queens
County, Kew Gardens, N. Y. (Thelma Lee,
Asst. Dist. Atty., Kew Gardens, N. Y., of
counsel), for respondent.

MEMORANDUM AND ORDER

NICKERSON, District Judge.

Felice Cassesse seeks a writ of habeas
corpus pursuant to 28 U.S.C. § 2254. He
was convicted on March 19, 1980 in the
Supreme Court of New York, Criminal
Term, Queens County, of criminal posses-
sion of a weapon in the third degree and
criminal possession of a weapon in the
fourth degree. He was sentenced as a
predicate felon to a term of two to four
years on the former charge and one year on
the latter, the sentences to run concurrent-
ly. The Appellate Division modified the
judgment by reversing the conviction and
sentence on the latter charge but otherwise
affirmed. Leave to appeal to the New
York Court of Appeals was denied. The
United States Supreme Court denied certio-
rari.

Criminal possession of a weapon by a
first offender is a class A misdemeanor,
carrying a maximum sentence of one year
in jail. See New York Penal Law §§ 265.-
01 and 70.15. However, because petitioner
had been previously (in 1973) convicted of a
felony, under New York Penal Law
§§ 265.02(1) and (4), and 70.00, the class A
misdemeanor was raised to a class D felony,
carrying a maximum sentence of 7 years
imprisonment. Petitioner therefore stood
convicted of two felonies within one ten
year period and was sentenced as a second
felony offender pursuant to New York Pe-
nal Law § 70.06.

Petitioner claims that by elevating the
misdemeanor to a felony, and then permit-
ting a sentence as a second felony offender,

the New York statutes deprive him of due process of law and violate the constitutional prohibitions against double jeopardy and cruel and unusual punishment.

The state claims that petitioner has failed to exhaust his state court remedies, citing, among other cases, *Johnson v. Metz*, 609 F.2d 1052 (2d Cir. 1979) and *Gayle v. Le-Fevre*, 613 F.2d 21 (2d Cir. 1980). In those decisions the Court of Appeals for the Second Circuit held that the mere contention by a defendant in the state courts that he had been denied a "fair trial" by the conduct of the trial judge was insufficient to alert the state courts to consider whether such conduct violated "fundamental rights guaranteed by the *federal Constitution*." *Johnson v. Metz, supra* at 1054 (emphasis in original). *See also Daye v. Attorney General*, 663 F.2d 1155 (2d Cir. 1981).

■ In the present case petitioner's brief in the Appellate Division, while it did not cite the federal Constitution or federal cases, urged that "the sentence imposed cruel and unusual punishment and violates due process of law." The New York State Constitution provides that no person shall be subjected to "cruel and unusual punishments" or deprived of liberty "without due process of law." Art. 1, §§ 5, 6. However, it would be an unusual state court judge who would be unaware that the federal Constitution contained substantially identical provisions. The Appellate Division undoubtedly understood from the brief that interests protected by the Fourteenth Amendment to the United States Constitution were at stake. This court does not read the Second Circuit opinions to require more. Certainly if use in the state courts of the words "effective assistance of counsel," without citation to the United States Constitution or federal authorities, was enough to show exhaustion as to a Sixth Amendment claim, *Twitty v. Smith*, 614 F.2d 325 (2d Cir. 1979), the language in petitioner's brief in the Appellate Division was sufficient to raise the contentions he presents here.

That the Appellate Division understood that petitioner was urging federal constitu-

tional claims is confirmed by the fact that the state in opposing the petition for certiorari failed to urge that the United States Supreme Court lacked jurisdiction because the federal issues had not been raised below. The brief in opposition addressed only the merits.

■ In any event on the merits the petition is insufficient. The punishment imposed, two to four years, was certainly not cruel and unusual under the recent decisions of the United States Supreme Court. *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980); *Hutto v. Davis*, —— U.S. ——, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982). Nor do the pertinent provisions of the New York Penal Law violate petitioner's right to due process or place him in double jeopardy. The Supreme Court has frequently sustained laws for enhanced sentences against such contentions. *Spencer v. Texas*, 385 U.S. 554, 560, 87 S.Ct. 648, 651, 17 L.Ed.2d 606 (1967), and cases cited.

The degree of enhancement conceivably could be so grossly disproportionate as to raise questions under the Eighth Amendment. But it is hardly irrational to impose a heavier punishment for an offense aggravated by repetitious criminal conduct. *See, e.g., Moore v. Missouri*, 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301 (1895). In making a choice of deterrents the New York legislature could rationally decide that weapons in the hands of previously convicted felons pose an even greater threat than weapons in the hands of convicted misdemeanants.

The petition is denied. So ordered.