■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE D. MORRILL, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered March 30, 1982, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree. ¶ While en route to Florida from their home in Arizona, defendant and his girlfriend companion had an argument during a stopover in New York. The girlfriend summoned the police to their motorhome. While there, police arrested defendant and charged him with criminal possession of a weapon. Defendant was subsequently indicted on three counts of criminal possession of a weapon in the third degree (Penal Law, § 265.02, subd [4]) and three counts of criminal possession of a weapon in the fourth degree (Penal Law, § 265.01, subd [1]). Defendant moved to dismiss the indictment on the grounds, *inter alia,* that the People had impermissibly limited his testimony before the Grand Jury and on constitutional grounds. After the motion was denied, defendant pleaded guilty to the first count of criminal possession of a weapon in the third degree in satisfaction of all counts and was sentenced to five years of probation. This appeal by defendant ensued. ¶ Defendant's constitutional challenge to subdivision (4) of section 265.02 of the Penal Law is without merit. The Second Amendment of the United States Constitution places no limitation on the power of State legislatures to enact gun control legislation (see, e.g., *Presser v Illinois,* 116 US 252; *People v Persce,* 204 NY 397). It is also established that the power to regulate weapons is within the police powers of the State (*United States v Cruikshank,* 92 US 542; *People v Persce, supra*). We also reject defendant's argument that section 265.02 of the Penal Law infringes upon the constitutionally protected right to travel. The right to travel is not implicated by restrictions that have no significant impact on interstate travel (see *Sklar v Byrne,* 727 F2d 633; Nowak, Rotunda & Young, Constitutional Law [2d ed], p 813). ¶ Lastly, defendant's objections to the Grand Jury proceedings were waived by his guilty plea (see *People v Di Raffaele,* 55 NY2d 234, 239-240; *People v Siciliano,* 40 NY2d 996, app dsmd 430 US 980). ¶ Judgment affirmed. Mahoney, P. J., Kane, Weiss, Mikoll and Yesawich, Jr., JJ., concur.