OPINION OF THE COURT
Robert C. McGann, J.
Defendant, Amjed Kuri, was charged with criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). On January 7, 1986, the weapons charge was reduced to a class A misdemeanor level *1037 prohibiting the possession of a weapon outside the scope of an otherwise valid license. (Penal Law § 400.00 [17].)
Defendant now moves the court for an order pursuant to CPL 210.20 (1) (h) and 170.30 (1) (f), dismissing the action on the grounds that defendant has been denied equal protection of the laws.
EQUAL PROTECTION
Defendant asserts that Penal Law § 400.00 (6) denies him equal protection of the laws (US Const 14th Amend; NY Const, art I, § 11). This section of the Penal Law requires that a person with a valid State-wide pistol permit obtain a special permit to carry or possess a weapon within the City of New York. Defendant argues that there is no basis for the legislative classification that treats persons with valid permits differently when they are within the City of New York. He argues that there is no compelling State interest for the classification (under the strict scrutiny test) nor is there a rational relationship between the classification and a legitimate governmental objective. The People assert that the privilege of carrying a pistol does not rise to the level of a fundamental right and the class of persons carrying pistols with a valid State-wide permit is not a "suspect” class. Therefore, the strict scrutiny test is inapplicable. In applying the less intrusive rationality test the People assert that the high population density and crime rate within New York City justify the statutory distinction requiring a special permit to carry a gun within city boundaries. The ends, furthering safety and order in New York City, they argue, are clearly within the police powers and are justified by the unintrusive means of requiring a special permit.
The privilege of carrying a gun is not a fundamental right (United States v Toner, 728 F2d 115 [2d Cir 1984]) nor is the class of persons with valid State-wide pistol permits a suspect class. The strict scrutiny test is therefore inapplicable to the equal protection analysis and all that need be shown is that in making a statutory classification the means used bears a rational relationship to the ends sought to be achieved. In recognizing the broad police powers to enact gun control legislation a number of courts have upheld various statutory distinctions under the rational relationship test. (See, Cassesse v People, 530 F Supp 694 [1982] [upholding the statutory distinction allowing misdemeanants but not felons to carry weapons]; United States v Toner, 718 F2d 115 [2d Cir 1984], *1038 supra [upholding a statute prohibiting illegal aliens from, inter alia, possessing weapons].)
In this case the ends sought are the protection of society in a highly populated, highly crime-ridden city. This purpose has been achieved by the unintrusive means of requiring a special permit to carry a gun within the city and the Legislature was acting within its police powers in enacting such a requirement. (People v Morrill, 101 AD2d 927 [1984] [citing United States v Cruikshank, 92 US 542; People v Persce, 204 NY 397].) The court finds that the requirement that defendant obtain a special permit allowing him the privilege of bringing a dangerous weapon into the City of New York is rationally related to the legislative goals of ensuring order in a densely populated high-crime area. The permit requirement (Penal Law § 400.00 [6]) is therefore constitutional as applied to the defendant. The motion is denied.
[Portions of opinion omitted for purposes of publication.]